EDWARD W. PORTER *vs.* MARGARET A. HARRINGTON & others.

Middlesex.    November 14, 1927. — January 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction*, Specific performance.  *Contract*, Construction, Performance and breach, Waiver by conduct.  *Waiver*.

A contract in writing for the sale of land, payment for which was to be made by instalments at stated times, title to be given when all payments were made, provided: "That prompt performance and time are the nature and essence of this contract and each of its conditions, and therefore, if default of payment is made of any of said installments of said principal sum or interest and such default shall continue for a period of thirty-one (31) days after it becomes due, . . . at the option of the . . . [seller] all right, title, interest and claim of the . . . [buyer] in and to said described premises shall thereupon cease . . . without any notice to the said . . . [buyer] notice, tender and demand being hereby waived by the . . . [buyer] and the . . . [seller] shall thereupon and thereby be released from all obligations hereunder, and all moneys paid

thereon previous to said default shall be and become the absolute property of the . . . [seller], as fixed, ascertained and liquidated damages for failure to perform this contract, and shall be absolutely irrevocable and beyond demand by the . . . [buyer] either at law or in equity; . . . that no waiver of a breach of any term or condition shall be a waiver of any other or subsequent breach of the same or of any other term or condition . . . ." *Held*, that the terms of the contract did not go so far as to prevent a court of equity, in a suit by the buyer for a conveyance in specific performance of the contract, from treating certain conduct of the seller as a waiver of the provisions of the contract above quoted.

Upon an appeal by the defendant from a final decree for the plaintiff in a suit in equity for specific performance of a contract by the defendant to convey land to the plaintiff, the record included all the evidence taken by a judge and a statement of his findings of fact. It appeared that the contract was for a conveyance when all instalments of the purchase price were paid, and that instalments were to be paid at specified times. The plaintiff had not made payments at the times stated, but, during three years, had paid one fourth of the purchase price and taxes on the land, and the delayed payments had been accepted by the defendant without making any objection or giving any warning against future delays. The plaintiff before bringing suit tendered payment of all arrearages. The defendant asserted that the plaintiff had forfeited under the contract by his nonperformance. The judge, on evidence warranting the findings, found that conduct of the defendant, in accepting delayed payments from the plaintiff, was such as to lull the plaintiff into a justifiable assumption that, notwithstanding the terms of the contract, he would be given indulgence in making his payments, and amounted to a waiver of the defendant's right to elect to close out all rights of the plaintiff without notice and without giving him a reasonable opportunity to save his payments already made by paying the balance due on his contract, and that the conduct of the defendant was harsh, oppressive and vindictive. There was no finding that the failure of the plaintiff promptly to make payments was intentional or wilful or in any way offensive, or that it had caused any loss to the defendant for which full compensation could not be made by payment of interest. *Held*, that

(1) The findings by the judge were in effect that the defendant by conduct had waived stipulations of the contract as to delay in instalment payments and consequent foreclosure of the plaintiff's rights without notice;

(2) Such a finding was not affected by the words of the contract concerning waiver by the plaintiff of the right to such notice;

(3) It would be unconscionable to permit the defendant, in view of his conduct, without notice or warning to insist upon strict performance of the contract and to forfeit all rights of the plaintiff;

(4) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on November 26, 1926, for specific performance.

The suit was heard by *Hammond, J.*, a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926), to take the evidence. Material evidence and facts found by the judge are stated in the opinion. A final decree was entered directing that, upon the payment by the plaintiff to the defendants of $620, the defendants should make the conveyance sought. The defendants appealed.

*J. E. Crowley*, for the defendants.

*L. G. Brooks*, for the plaintiff.

RUGG, C.J. This is a suit in equity whereby the plaintiff seeks to compel the defendants specifically to perform an agreement to convey land to him. The judge by whom the case was heard made findings of fact and entered a final decree in favor of the plaintiff. The case comes before us on appeal by the defendants with a full report of all the evidence. The findings of fact are amply supported by the evidence, and must be accepted as true. Briefly stated, those facts are that in 1919, by a written contract, the plaintiff agreed to buy and the defendants to sell two lots of land for a specified sum, of which $60 was the initial payment, the balance being payable at the rate of $10 each month. In February, 1922, the defendants, for the sums already paid, conveyed one of these lots to the plaintiff, the contract remaining in force as to the other lot. On January 1, 1923, the balance charged against the plaintiff upon the books of the defendants was $578.54. The plaintiff made no payments in 1923. In 1924 he paid $60 in instalments, besides the taxes for that year. In 1925 he paid $60 in instalments. On March 25, 1926, he paid $40 in one sum. This was the last payment made by him. On November 9, 1926, the plaintiff offered to pay $30 upon the contract, but was informed by one of the defendants that they had, on August 1 previous, "exercised the option and decided to close the account." The plaintiff has been ready and before filing this bill offered to pay the entire amount due upon his contract, but the defendants have declined to accept it upon the ground that on August 1, 1926, they exercised their option under the contract to cancel the same for default of the plaintiff in failing to keep up the payments, and claim

the right to hold the money paid in by the plaintiff as liquidated damages. The contract contained these clauses: "It is further mutually agreed and understood by and between the parties hereto as follows: . . . Second: That prompt performance and time are the nature and essence of this contract and each of its conditions, and therefore if default of payment is made of any of said installments of said principal sum or interest, and such default shall continue for a period of thirty-one days after it becomes due, or if the party of the second part [the present plaintiff] shall fail to promptly perform any other of the agreements or conditions herein contained, . . . at the option of the party of the first part [the present defendants], all right, title, interest and claim of the party of the second part in and to said described premises shall thereupon cease and this agreement shall become null and void and of no effect, without any notice to the said party of the second part, notice, tender and demand being hereby waived by the party of the second part, and the party of the first part shall thereupon and thereby be released from all obligations hereunder, and all moneys paid thereon previous to said default shall be and become the absolute property of the party of the first part as fixed, ascertained, and liquidated damages for failure to perform this contract, and shall be absolutely irrevocable and beyond demand by the party of the second part either at law or in equity. . . . Fifth: It is understood and agreed that . . . no waiver of a breach of any term or condition shall be a waiver of any other or subsequent breach of the same or of any other term or condition . . . ."

Further findings of the judge are that it appears that, while during the period between the date of the contract and the time when the plaintiff paid for and took title to one of the lots [February, 1922], the instalment payments were made with considerable regard for punctuality, since February, 1922, and for about four years, the plaintiff has made payments [which the defendants have during all this period accepted without, so far as appears, making any objection or giving any warning against future delays] at times far behind the dates when according to the contract such pay-

ments were due.   When the last payment of $40 was made on March 25, 1926, no notice was then given by the defendants of an intention on their part to hold the plaintiff in the future to a more strict compliance with the contract.   Until the plaintiff offered in November, 1926, to make another payment upon this contract he was not told by the defendants or notified in any way that they had in August, 1926, undertaken to exercise their option to cancel the contract. The defendants have, by a course of dealings lasting over several years, constantly accepted delayed payments from the plaintiff without objection.

Parties have a right to make a stated time for performance the essence of a contract.   Such an agreement, when not waived either by words or conduct, is binding and will be given effect by courts of equity as well as of law.   *Garcin* v. *Pennsylvania Furnace Co.* 186 Mass. 405.   *Preferred Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad,* 243 Mass. 457.   *Hazen* v. *Warwick,* 256 Mass. 302, 307. *Steedman* v. *Drinkle,* [1916] 1 A. C. 275.   *Brickles* v. *Snell,* [1916] 2 A. C. 599.   The contract in the case at bar was of that nature.

No principle of law or equity prevents the waiver by parties of such terms of a contract, however explicit may be its phraseology.   Waiver may be manifested by acts as well as by words.   The defendants, by a course of conduct covering nearly if not quite three years, accepted from the plaintiff payments long overdue.   As a consequence, they have taken from him more than one fourth of the entire amount due under the contract.   In addition, he has paid some of the taxes on the land, which accrued to the benefit of the defendants.   All this the defendants claim as a forfeiture or, to use the words of the contract, as "liquidated damages."   There is no finding that the failure of the plaintiff promptly to make payments was intentional or wilful or in any way offensive, or that it has caused any loss to the defendants for which full compensation cannot be made by payment of interest.   There are no facts in the case at bar on which the principle of *Finkovitch* v. *Cline,* 236 Mass. 196, can be applied, to the effect that the conduct of the party

seeking relief in equity must not have been contumacious, wilful, or contrary to good conscience. When a party without objection has accepted overdue payments not made in accordance with the strict terms of the contract, an order of business has been established inconsistent with rigid insistence upon a clause of the contract which in effect is a forfeiture or the enforcement of a penalty. The finding of the trial judge in substance was that the conduct of the defendants was such as to lull the plaintiff into a justifiable assumption that, notwithstanding the terms of the contract, he would be given indulgence in making his payments, and that the conduct of the defendants amounted to a waiver of their right to elect to close out all rights of the plaintiff without notice and without giving him a reasonable opportunity to save his payments already made by paying the balance due on his contract, and that the conduct of the defendants was harsh, oppressive and vindictive. It is usually a question of fact whether there has been a waiver of stipulations of a contract. Although that finding is not made in categorical terms in the case at bar, it is the necessary effect of all the findings of the trial judge. Such a finding cannot be pronounced without sufficient support in the evidence. Such a finding is not affected by the words of the contract concerning waiver by the plaintiff of the right to such notice. It is difficult to frame a contract so as to foreclose the operation in equity of the doctrine of waiver in order to prevent an injustice. The terms of the present contract did not go far enough to prevent jurisdiction in equity to relieve against a result which does violence to the sense of fairness and good conscience of a court of equity. It would be unconscionable to permit the defendants, in view of their conduct, without notice or warning to insist upon strict performance of the contract and to forfeit all rights of the plaintiff. *Kaplan v. Flynn*, 255 Mass. 127, 131. *Kilmer* v. *British Columbia Orchard Lands, Ltd.* [1913] A. C. 319. *Gray* v. *Pelton*, 67 Ore. 239, 246. *Johnson* v. *Berns*, 111 Ore. 165, 172. *Grigg* v. *Landis*, 6 C. E. Green, 494. *Baerenklau* v. *Peerless Realty Co.* 10 Buch. 26, 34. *Monson* v. *Bragdon*, 159 Ill. 61, 66.

*Plummer* v. *Worthington*, 321 Ill. 450, 457.   *Stevinson* v. *Joy*, 164 Cal. 279, 285.

The case at bar is quite distinguishable from cases like *Colonial Development Corp.* v. *Bragdon*, 219 Mass. 170, and *Boss* v. *Greater Boston Mortgage Corp.* 251 Mass. 455.

In the opinion of a majority of the court the entry must be,

*Decree affirmed with costs.*