Briggs, J.
This is an action of contract in which the plaintiff seeks to recover damages for the breach of a contract for the sale of an automobile, the plaintiff alleging refusal on the part of the defendant to deliver an automobile contracted for at the agreed price. The answer is a general denial.
The Court warrantably found the following facts:
That on November 16, 1938, the plaintiff signed an order for one 1939 Plymouth Sedan to be delivered by the defendant “as soon as possible” for an agreed price of eight hundred and fifty-five dollars ($855.00); twenty-five dollars ($25.00) of which was paid by the plaintiff with the order, five hundred and five dollars ($505.00) to be allowed as a trade-in of the plaintiff’s car, the balance of three hundred ■and twenty-five dollars ($325.00) to be paid by the plaintiff upon delivery.
The order signed by the parties contains a provision printed on the back thereof that “if my used car is not turned in *461 to you at the time this agreement is made, you shall have the right to re-appraise it for trade-in value at the time it is delivered to you.” It further appears that the plaintiff was told “use your car until I get the new one; when I get and deliver your car, you deliver yours.”
The Court found from all of the evidence that the defendant waived the reappraisement condition of the contract, and further found that on the 23rd of December, 1938, the plaintiff called at the defendant’s place of business to take delivery of the new car, he then being ready and willing to perform his obligations under the contract. The defendant refused to deliver the car except upon payment of an additional thirty dive dollars ($35.00). A similar offer and refusal occurred on December 28,1938. On January 2,1939, the plaintiff purchased the same car from another dealer at an added cost over the price stated in his contract of $91.00, ninety-one dollars.
The Court found for the plaintiff in the sum of thirty-five Dollars ($35.00) damages plus the twenty-five dollar ($25.00) deposit retained by the defendant — a total of sixty dollars ($60.00), with costs, and allowed the following requests of the plaintiff:
3. The evidence warrants a finding that the plaintiff did all that was required of him to do in accordance with the terms of the contract.
4. The evidence warrants a finding that the plaintiff was ready and willing, able to perform and fulfill all that was required of him to perform under the terms of the contract.
5. The evidence warrants a finding that the defendant refused to comply with the terms of the contract, by making delivery of the motor vehicle in question to the plaintiff at the time plaintiff made due demand on the defendant for such delivery.
6. The evidence warrants a finding that the refusal to make delivery by the defendant to the plaintiff was *462 wrongful, without justification and with intent not to comply with the terms of the contract.
The Court denied the following requests of the defendant:
1. If the plaintiff’s used ear was not turned in to the defendant at the time of their agreement, the defendant had the right to re-appraise the plaintiff’s used car at the time delivery of the used car was offered.
2. An integrated contract cannot be modified or altered by parol evidence.
By the allowance of the plaintiff’s requests and the denial of those of the defendant, the Court in effect found that the plaintiff did all that was required of him under the contract, was ready, willing and able to perform, and that the defendant wrongfully refused to comply with said contract.
In view of the warranted findings of fact we find no prejudicial error. The Court found that the provision relative to re-appraisement in the written contract, if applicable, had been waived, and that the parties had proceeded under a substituted understanding.
The main contention of the defendant is that the terms of the contract cannot be waived, modified or altered by parol evidence relating to the same subject matter made contemporaneously with the written contract. Neither the report nor the findings afford a clear or sound basis for this limitation.
While it is a rule of substantive law that when a written contract is made, it fixes the rights of the parties and cannot be varied by antecedent negotiations or contemporaneous qualification, we are of the opinion that there was evidence here for the Court to consider as a jury. The contract is a fact to be taken into consideration in interpreting the subsequent conduct of the plaintiff and defendant, but it cannot be assumed, as a matter of law, that the contract governed *463 all that was done because the parties had a right to renounce it or any part of it in any way and by any mode of expression they saw fit. They could substitute a new oral contract by conduct as well as by express words. In deciding whether they had waived any of the terms of the written contract, the Court had a right to assume that both parties knew its legal meaning. On that assumption the question of waiver was a question of fact what the plaintiff fairly might have understood to be the meaning of the defendant’s conduct. To lead a person reasonably to suppose that you assent to an oral arrangement is to assent to it, wholly irrespective of fraud. Bartlett vs. Stanchfield, 148 Mass. 394. West vs. Platt, 127 Mass. 367. Porter vs. Harrington, 262 Mass. 206 at 208.
The measure of damages appears proper, and finding no prejudicial error, the entry will be,
Report Dismissed.