*Western Division*

**BANKERS DISCOUNT TRUST, INC.**

**v.**

**EDWARD KASWICZ**

*Present*: Riley, P. J., Hobson & Moore, JJ.

Case tried to ———, *J.* in the Central District Court of Worcester. No. T. 625.

*Moore, J.* This is an action of contract against

the maker of a conditional sale contract to recover for a deficiency due after repossession and sale of a motor vehicle.

This action was originally brought in the Suffolk Superior Court and from there transferred to the Central District Court of Worcester for trial under the provisions of G. L. (Ter. Ed.) c. 231 §102C.

■ The case was tried on agreed statement of facts, and that being so, we need not concern ourselves with any requests for rulings. *Quintin Vesper Co., Inc. v. Construction Service Co.*, 343 Mass. 547; *Kimball* v. *Medford,* 340 Mass. 727.

■ This case having been transferred to a District Court under the provisions of G. L. c. 231 §102C prescribes a trial with all the normal incidents of procedure in a District Court. *Lubell v. First National Stores, Inc.*, 342 Mass. 161, 354. One of those incidents is the right to have the case reported to the Appellate Division for determination where there is an agreed statement of facts. G. L. c. 231, §108.

The trial judge's report in this case states that the parties agreed "that no *note* was ever executed in connection with the conditional sale contract sued on in the plaintiff's declaration; that the plaintiff did not file on the return date an affidavit signed by the purchaser at the foreclosure sale stating the price paid and time and place of sale".

Chapter 255B of the General Laws added by St. 1958, c. 674 has as its title "An act

regulating the retail instalment sales of motor vehicles" and the heading or title of that chapter 255B is "Retail Instalment Sales of Motor Vehicles".

§20A was added to said Chapter 255B by St. 1960, c. 173 and provides that:

"the *maker of a note* (emphasis supplied) secured by a mortgage or conditional sales contract, relating to the sale of a motor vehicle which has been repossessed, shall not be liable in a suit for a deficiency thereon after sale pursuant to the terms of said mortgage or conditional sale contract, unless the holder of said *note* shall on the return day of said action file an affidavit signed by the purchaser at said foreclosure sale stating the price paid for said motor vehicle and the date and place of the sale".

The trial judge found for the defendant and ruled as follows:

"I rule it was the intention of the Legislature to have §20A apply to all suits in which there is a claim for a deficiency arising from repossession and sale of a motor vehicle. That a *note* was not given is immaterial. If this ruling is erroneous the plaintiff is entitled to a finding in the amount of $529.93."

The trial court's report says that the plaintiff claimed to be aggrieved by this ruling and he, the trial judge, reports the same to the Appellate Division for determination.

The issue before us is whether as a matter of law the above ruling of the trial judge was correct. This in turn involves the interpretation and construction of a statute; in this case §20A of the General Laws, c. 255B.

■ As stated by the late Chief Justice Rugg in *Commonwealth v. S. S. Kresge Co.,* 267 Mass. 145 at 148:

"The guiding principle for the interpretation of a statute is that is must be construed, if reasonably possible, so as to effectuate the purposes of the framers, ascertained from its several parts and the meaning fairly attributable to all its words, considered in connection with the cause of its enactment, the subject to which it is applicable, the preexisting state of the common and statutory law; the mischief to be remedied and the object to be accomplish. It must be interpreted *as enacted* (emphasis supplied). Its omissions cannot be supplied and its excrescences cannot be cut out by the judicial department of government. The court can only interpret according to the common and approved usages of the language the words used, without enlargement or restriction and without regard to its own conceptions of expediency".

Also see *Brennan v. Election Commissioners,* 310 Mass. 784.

■ It may be that the Legislature, and it is hardly probable that it did, intended that the statute should apply to all suits for a deficiency arising from the repossession and sale of a motor vehicle whether the suit was based on a conditional sale contract or a note, but they did not say so. There is no ambiguity in this statute as there was in *Commonwealth v. Chilton Club,* 318 Mass. 285. The omission by the Legislature to cover the situation where the deficiency is sought by the way of a suit on the conditional sale contract and not by the

holder of a note cannot be cured by judicial pronouncement but only by legislative enactment. We must construe the statutes as they are written. *Commonwealth v. S. S. Kresge Co.,* 267 Mass. 145; *Corcoran v. S. S. Kresge Co.,* 313 Mass. 299; *Commonwealth v. Gardner,* 300 Mass. 372.

We find that there was prejudicial error in the ruling by the trial judge "that a note was not given is immaterial" and that the judge should have found for the plaintiff.

There should be an order in this case vacating the finding for the defendant and ordering the entry of a finding for the plaintiff in the amount of $529.93.