## Southern District

### BANKERS DISCOUNT TRUST, INC.
v.
### JOHN COTONE

*Present*: Nash, P. J., Owen & Murphy, JJ.

Case tried to *Troy, J.* in the District Court of East Norfolk. No. 21550-1962.

*Owen, J.* This is an action of contract to recover a deficiency balance of $463.46 due from the defendant after repossession and sale of a motor vehicle under an Installment Sale Contract.

The plaintiff did not file an affidavit as set forth under G. L. (Ter Ed.) c. 255B, §20A which provides:

"The maker of a note secured by a mortgage or conditional sales contract, relating to the sale of a motor vehicle which has been repossessed, shall not be liable in a suit for a deficiency thereon after sale pursuant to the terms of said mortgage or conditional sale contract, unless the holder

of said *note* shall on the return day of said action file an affidavit signed by the purchaser at said foreclosure sale stating the price paid for said vehicle and the date and place of sale."

The contract on which the suit was brought was introduced into evidence.

The defendant did not present any evidence at the trial.

The plaintiff fied requests for rulings. In denying request #7 that the plaintiff did not have to file an affidavit under G. L. (Ter. Ed.) c. 255B, §20A, the court found "that the section referred to was not complied with and such failure is fatal to the plaintiff's action for a deficiency."

The Installment Sale Contract in question appears to be written in strict compliance with the requirements of G. L. (Ter. Ed.) c. 255B, "Retail Installment Sales of Motor Vehicles," which statute was passed by the Legislature in 1958 after enactment of the Uniform Commercial Code in 1957.

It has long been common practice in installment sales to obtain one or more separate notes in addition to the installment sale contract from the buyer. The negotiation of such a note by the installment sale seller to a holder in due course could result in cutting off defenses, which the installment sale buyer might have against the seller, in the event of a suit on the note by the holder in due course. *Standard Acceptance Corp. v. Chapin*, 277 Mass. 278.

G. L. (Ter. Ed.) c. 255B as originally enacted is very specific in regard to protecting buyers under retail installment contracts but nowhere is the word "note" mentioned, although §20 (7) does mention "any separate instrument executed is connection" with an installment contract.

It would appear that, subsequent to the enactment of G. L. (Ter. Ed.) c. 255B, awareness of the danger to the installment buyer of a separate negotiable note executed in connection with an installment sale contract prompted the Legislature in 1960 to add §20A as some protection to the buyer in a suit on such note. It is of interest to note that G. L. (Ter. Ed.) c. 255, §12C enacted in 1961 went even further in providing that a separate note in relation to a sale under c. 255 must be marked "consumer note" and is non-negotiable.

There is no evidence in this case as to whether or not such a separate note exists; if it does exist, the present suit has not been brought on such a note.

The simple, unambiguous, common translation of G. L. (Ter. Ed.) c. 255, §20A is that it applies to a suit on a note as such by the holder of such note.

It has often been well stated that the court can only construe the words of a statute in accordance with their common and approved usage and meaning. We cannot read into the statute in question an unexpressed intent that it apply to a suit by a plaintiff on an install-

ment sale contract whether or not he is the holder of a note secured by such contract. The Legislature would have included in the provisions of §20A a suit on an installment sale contract as such if that was the intent. *Commonwealth v. S. S. Kresge* Co., 267 Mass. 145, 148; *Kurz v. Board of Appeals,* 341 Mass. 110, 112. G. L. (Ter. Ed.) c. 4, §6, *Bankers Discount Trust, Inc.* v. *Edward Kaswicz,* 14 Legalite 341.

Allowance by the trial court of plaintiff's request #7 would have resulted in a finding for the plaintiff. For reasons recited heretofore there was prejudicial error in the denial of said request.

The judgment for the defendant is to be vacated and judgment is to be entered for the plaintiff in the amount of $463.46.

Arnold I. Kappel, of Boston, for the Plaintiff.
Robert W. Duquet, of Boston, for the Defendant.