*Southern District*

## CITY BANK AND TRUST CO.

### v.

### WALTER CHIPMAN

*Present*: Nash, C. J., Cox & Lee, JJ

Case tried to *Tamkin, J.* in the district Court of East Norfolk, No. 31069.

*Cox, J.* This is an action of contract to recover a deficiency claimed to be due under a collateral instalment loan. There was a finding for the plaintiff in the sum of $2,334.50. The case was reported because the defendant claims to be aggrieved by the denial of his requests for rulings and the finding.

The undisputed facts are that on May 4, 1962 the defendant borrowed $3,193.00 from City Bank and Trust Co., the plaintiff. He signed a collateral instalment loan note payable to the plaintiff. The defendant purchased a new "1962 Chrysler New Yorker, 4-door Hardtop Sedan, Serial No. 8323-129495". For the new automobile, for which he received an unconditional bill of sale, the defendant transferred an old automobile and endorsed the check for $3,193.00 to Beaufort Motors, Inc., the dealer. By the terms of the note to the bank the defendant "pledged as collateral security" the Chrysler automobile.

The defendant made payments on his note in the sum of $393.00. An auctioneer, hired by the plaintiff, took possession of the Chrysler under the security agreement described in the note. He notified the defendant of the plaintiff's intention to hold a foreclosure sale of the vehicle by mailing a notice to the defendant at his home address specifying the time and place of the proposed sale. He sold the automobile at the foreclosure sale to the plaintiff which purchased it at the sale for $1,600.00.

The single question of law adequately raised by the defendant's requests for rulings which the judge denied, is whether the plaintiff is barred from recovery because the plaintiff did not file on the return day of the action, an affidavit as purchaser at the foreclosure sale, stating the price paid for the motor vehicle at the sale and the date and place of the sale. The defendant relies on G.L. c. 255B, §20A. c. 255B was inserted by St. 1958, c. 674, §1. §20A was later added by St. 1960, c. 173.

The justice made special findings. He found that the "motor vehicle was properly auctioned for the suum of $1,600.00, and that a deficiency remained." He held as follows:

"The Court finds that General Laws Chapter 255B, Section 20A is inapplicable to the facts found.

"The Court finds that the defendant is not a maker of a note secured by a mort-

gage or conditional sales contract relating to a sale of a motor vehicle which has been repossessed. The Court finds that said motor vehicle was not repossessed within the terms of General Laws Chapter 255B, Section-A; said plaintiff bank never having had possession of said vehicle.

"The Court further finds that there has not been a sale of a motor vehicle by a retail seller to a retail buyer within the meaning of General Laws Chapter 255B, Section 1, Definitions, 'Retail Installment Sale' or 'Sale', said plaintiff bank is not a Retail Seller, within the meaning of said section; said plaintiff bank merely holds a security agreement or a collateral installment loan.

"The Court finds that said plaintiff is not a holder of the note within the meaning of General Laws Chapter 255B, Section 1, Definitions, 'Holder.' Said plaintiff bank is not a retail seller of a motor vehicle under or subject to a retail installment contract or a purchaser of the contract as a financing agency or other assignee.

"The Court further finds that the said security agreement or collateral installment loan is not a 'Retail Installment Contract' or 'Contract' within the provisions of General Laws Chapter 255B, Section 1, Definitions, in that the title to or the property in or a lien upon said motor vehicle is not retained or taken in the case

at bar by a retail seller from a retail buyer as security in whole or in part for the buyer's obligation.

"The Court finds that the debt results from a deficiency after the collateral, the Chrysler, had been auctioned upon the defendant's default of its loan to the plaintiff bank."

We think the justice was right.

G.L. c. 255B was added to the General Laws by St. 1958, c. 674, §1 as "An Act Regulating the Retail Installment Sales of Motor Vehicles". S. 20A was added to c. 255B by St. 1960, c 173. Said St. 1960, c. 173 which added §20A to 255B is "An Act Requiring the Filing of an Affidavit Executed by the Purchaser of a Repossessed Motor Vehicle in Suits Brought for a Deficiency Under a Mortgage or Conditional Sale Contract." It reads as follows:

"§20A. The maker of a note secured by a mortgage or conditional sales contract, relating to the sale of a motor vehicle which has been repossessed, shall not be liable in a suit for a deficiency thereon after sale pursuant to the terms of said mortgage or conditional sales contract, unless the holder of said note shall on the return day of said action file an affidavit signed by the purchaser at said foreclosure sale stating the price paid for said motor vehicle and the date and place of the sale."

We share the opinion of the justice that §20A has no application to the plaintiff in this action. The reason is that the note

which the defendant gave the plaintiff was not a note secured by a mortgage or conditional sales contract *relating to the "sale" of the motor vehicle*. The defendant had received from the dealer unconditional title to the Chrysler automobile. The defendant then pledged with the bank the automobile as collateral security for the payment of his note. In other words, an unconditional sale of the motor vehicle having been made the transaction involved here did not thereafter relate to the "sale" of it. A reading of all the provisions of c. 255B confirms the conclusion that the statute applies only to a conditional vendor of a motor vehicle or to a "sales financing company", which would include a bank which takes from tthe vendor the contract paper, including the buyer's note. The opinion may be further reinforced.

█ The plaintiff is not a "holder" as the word is used in §20A. "Holder" is defined in §1 as "the retail seller of the motor vehicle under or subject to a retail installment contract, or, if the contract is purchased by a financing agency or other assignee, the sales finance company or other assignee." The defendant's note was not acquired by the bank from the vendor. It was acquired directly from the defendant buyer, the retail sale to the defendant having been made without being subject to a retail installment contract. The definition of "Retail installment contract" or "contract", §1, is "an agreement,

entered into in this state, pursuant to which the title to, the property in or a lien upon a motor vehicle, which is the subject matter of a retail installment sale, is retained or taken by a retail seller from a retail buyer as security, in whole or in part, for the buyer's obligation. . . ." "Retail installment sale" or "sale", §1, is defined as "a sale of a motor vehicle by a retail seller to a retail buyer for a time sale price payable in two or more installments, payment of which is secured by a retail installment contract. . . .". "Retail seller" or "seller" is defined, §1, as "a person who sells a motor vehicle to a retail buyer under or subject to a retail installment contract. . . .". "Sales finance company", as defined in §1, includes a bank or other person". . . engaged, in whole or in part, in the business of purchasing retail installment contracts from one or more retail sellers and . . . a retail seller engaged, in whole or in part, in the business of holding retail installment contracts acquired from retail buyers. . . ."

All those definitions in §1 expressly make c 255B applicable only to dealers who make installment contracts for the retail sales of automobiles or those financing companies, including banks, which purchase the contracts from the retail dealer.

██ It is not within our province to undertake to extend the statute beyond its stated limits. The note before us provides for the recovery of the deficiency. The law allows

it. Uniform Commercial Code. Secured Transactions, G.L. c. 106, §9-502 (2).

We find nothing in conflict between this opinion and the opinion of this Appellate Division in the case of *Bankers Discount Trust, Inc.* v. *Cotone,* 14 LEGALITE 341; 31 Mass. App. Dec. 121 cited by the defendant.

As no error of law has been shown in the denial of the defendant's requests for rulings of law nor in the finding for the plaintiff, an order should be entered dismissing the report.

Laurence S. Wolk, of Boston, for the Plaintiff.

Abraham O. Spigel, of Boston, for the Defendant.