*Southern District*

No. 888

## FIRST BANK AND TRUST COMPANY OF NEEDHAM

v.

## JOSEPH R. MEMMO

*Present:* Nash, C.J., Cox & Lee, J.J.

Case tried to *Casey, J.* in the Municipal Court of West Roxbury District. Remand No. 888

*Cox, J.* This action of contract is to recover a deficiency on the defendant's promissory note after the sale of a motor vehicle pledged as security for it. There was a finding for the plaintiff.

The only question of law raised by the defendant's request for rulings which the justice denied, is whether the plaintiff is barred from recovering the deficiency because it did not file on the return day of the action "an affidavit signed by the purchaser at said foreclosure sale stating the price paid for said motor vehicle and the date and place of the sale." G.L. c. 255B, § 20A, inserted by St. 1960, c. 173. The findings by which the defendant claims to be aggrieved were that "No affidavit was filed by the plaintiff on return day of writ. I find, however, that that plaintiff was not a 'holder' as defined by Chapter 255B. . .(section 1." The defendant relies on G.L. c. 255B, § 20A.

Chapter 255B, under the title "Retail Instalment Sales of Motor Vehicles" was inserted in the General Laws by St. 1958, c. 674, § 1. § 20A, relating to the filing of the affidavit on the return day of the action, was later added to Chapter 255B by St. 1960, c. 173. § 20A was substantially amended by St. 1966, c. 284, § 3 and by § 5 of that Act became effective on November 1, 1966. The transaction with which

we are concerned occured in 1964, before the 1966 amendment became effective. However, the result we reach with reference to the affidavit would not be different under the 1966 amendment of § 20A.

§ 20A, as appearing in St. 1960, c. 173, reads as follows:

> "Section 20A. The maker of a note secured by a mortgage or conditional sales contract, relating to the sale of a motor vehicle which has been repossessed, shall not be liable in a suit for a deficiency thereon after sale pursuant to the terms of said mortgage or conditional sales contract, unless the holder of said note shall on the return day of said action file an affidavit signed by the purchaser at said foreclosure sale stating the price paid for said motor vehicle and the date and place of the sale."

G.L. c. 255B, § 1, defines "Holder", as "the retail seller of the motor vehicle under or subject to a retail instalment contract, or, if the contract is purchased by a financing agency or other assignee, the sales finance company or other assignee."

The plaintiff was not "the retail seller of the motor vehicle" nor was it the purchaser or assignee of financing paper from a dealer, financing agency or other assignee. It made a direct loan to the defendant who, with the proceeds of the loan, purchased the motor vehicle

from a dealer and then pledged it as security for his note to the bank. It follows that the justice was right in deciding that the plaintiff was not a "holder" as that word is used in c. 255B and that it was therefore not required to file the affidavit required by § 20A as a condition precedent to recovery.

Precisely the same question was presented to us for decision in 1965 in the case of *City Bank* and *Trust Co.* v. *Chipman,* 17 LEGALITE 81. In that case we shared the opinion of the justice that § 20A had no application to a bank which made a direct loan to the defendant secured by a motor vehicle which he had purchased from a dealer with funds borrowed from a bank. We held, as we hold in the case before us, that "The reason is that the note which the defendant gave the plaintiff was not a note secured by a mortgage or conditional sales contract relating to the sale of the motor vehicle. The defendant had received from the dealer unconditional title to the . . . automobile. The defendant then pledged with the bank the automobile as collateral security for the payment of his note. In other words, an unconditional sale of the motor vehicle having been made the transaction involved here did not thereafter relate to the sale of it. A reading of all the provisions of Chapter 255B confirms the conclusion that the statute applies only to a conditional vendor of a motor vehicle or to a "sales financing company," which would include a bank which takes

from the vendor the contract paper, including the buyer's note.

". . . The defendant's note was not acquired by the bank from the vendor. It was acquired directly from the defendant buyer, the retail sale to the defendant having been made without being subject to a retail instalment contract. The definition of "Retail instalment contract" or "contract", § 1, is "an agreement, entered into in this state, pursuant to which the title to, the property in or a lien upon a motor vehicle, which is the subject matter of a retail instalment sale, is retained or taken by a retail seller from a retail buyer as security, in whole or in part, for the buyer's obligation. . .". "Retail instalment sale" or "sale", § 1, is defined as "a sale of a motor vehicle by a retail seller to a retail buyer for a time sale price payable in two or more instalments, payment of which is secured by a retail instalment contract. . .". "Retail seller" or "seller" is defined, § 1, as "a person who sells a motor vehicle to a retail buyer under or subject to a retail instalment contract. . .". "Sales finance company", as defined in s.1, includes a bank or other person ". . . engaged, in whole or in part, in the business of purchasing retail instalment contracts from one or more retail sellers and . . . a retail seller, engaged in whole or in part, in the business of holding retail instalment contracts acquired from retail buyers. . .".

"All those definitions in § 1 expressly make c. 255B applicabel only to the dealers who make instalment contracts for the retail sales of automobiles or those financing companies, including banks, which purchase the contracts from the retail dealer.

"It is not within our province to undertake to extend the statute beyond its stated limits. The note before us provides for the recovery of the deficiency. The law allows it. Uniform Commercial Code, Secured Transactions, G.L. c. 109, § 9-502(2)."

As no error of law has been shown either in the denial of the defendant's requested rulings or in the findings, the **report should be dismissed.**