THE PROVIDENCE WASHINGTON INSURANCE COMPANY *vs.* J. HOWARD BECK & another. January 30, 1970. This is a bill for a declaratory decree by a bonding company against I. Fred DiCenso and J. Howard Beck, to determine the duties and liabilities of the parties under DiCenso's agreement to construct a building for Beck and under a surety bond covering the construction agreement. Each of the defendants filed a counterclaim. The case was referred to a master. The trial judge entered an interlocutory decree confirming the master's report. A final decree was entered from which DiCenso appeals. The construction agreement contained a provision that in the event of a breach by the owner, the agreement could be terminated by the contractor giving the owner seven days written notice of the contractor's intention to terminate the

agreement. On October 20, 1958, DiCenso notified Beck that Beck was in breach of the agreement and "that he considers himself to be free of any further obligation to continue with or complete the construction of the . . . building." DiCenso contends that Beck's failure to comply with the schedule of payments was a "substantial breach of contract [and therefore] he is not entitled to damages." The record, however, discloses that except for the breach of the payment on October 17, 1958, each time Beck was delinquent in making progress payments DiCenso not only accepted the payments, but continued to perform the construction agreement. Therefore, although Beck had not made the payments on schedule prior to October 17, DiCenso's actions constituted a waiver of those breaches. See *Carrig* v. *Gilbert-Varker Corp.* 314 Mass. 351, 355; *Wenzel & Henoch Constr. Co.* v. *Metropolitan Water Dist.* 115 F. 2d 25 (9th Cir.); *United States* v. *Americo Constr. Co. Inc.* 168 F. Supp. 760 (D. Mass.); Corbin, Contracts, revised, § 756. DiCenso also argues that if his failure to give seven days notice of termination (as required by the agreement) on October 20, 1958, is a breach, "it is not prejudicial because . . . Beck did nothing to cure his own breaches during the seven days." We believe this argument to be untenable. DiCenso, by failing to comply with the requirement of giving seven days notice of termination, committed a substantial breach of the contract and thus there was no further obligation on Beck to tender payment. Finally, we discern no basis for DiCenso's contention that the amount of damages assessed by the master "bears no relationship" to DiCenso's breach of the termination provision. The master awarded Beck an amount equal to the difference between the contract price and the total cost of completing the building. *Ficara* v. *Belleau*, 331 Mass. 80. There was no error.

*Decree affirmed.*

*Joseph M. Cohen* for I. Fred DiCenso.
*Lyman C. Sprague & George A. Goldstein*, for J. Howard Beck, submitted a brief.