*Southern District*

No. 74

**ROGER LEE**

v.

**CONNOLLY BUICK CO., INC. AND CAPITOL BANK AND TRUST COMPANY**

Argued: Jan. 31, 1974 - Decided: Aug. 15, 1974

*Present:* Murphy, P.J., and Rider, J.

Case tried to *Lee, J.* in the District Court of Brockton, No. 44983.

**Rider, J.** This is an action of tort wherein the plaintiff alleges damages due from the defendant, Connolly Buick Co., Inc., for the wrongful conversion of his automobile, and from the defendant, Capitol Bank and Trust Company, for the wrongful conversion of his automobile, the wrongful conversion of his personal property, the wrongful repossession of his automobile, and the failure to give proper notice of repossession specified in G.L. c. 255B, § 20A, Subsection B.

The answer of the defendant, Connolly Buick Co., Inc. was a general denial and the statute of limitations.

The answer of the defendant, Capitol Bank and Trust Company wes a general denial.

The Court found for the defendants.

At the trial there was evidence tending to show that the defendant bank had accepted overdue payments not made in accordance

with the strict terms of the contract without objection. Gordon P. Dillon, installment loan officer of defendant bank, testified that the plaintiff had been in default of each payment; that the installment due in March, 1970, had been 28 days in arrears, and that his account was never up to date. A series of checks issued by the plaintiff to the defendant bank was introduced in evidence. Each such check was endorsed by the payee. There was evidence that the defendant bank had sent a letter acknowledging late payments but holding to its position that it had not waived default.

**There was also evidence tending to show that** the defendant bank accepted payments from the plaintiff subsequent to the repossession of his automobile. Check number 101, dated November 24, 1970, and check number 111, date December 7, 1971, both drawn on the State Street Bank, were paid after the date of repossession.

**There was also evidence tending to show that** the defendant bank failed to send notice of the repossession to the plaintiff by certified mail. The envelope introduced into evidence by the defendant bore a postage meter date only. There was evidence that Dillon, the installment loan manager at the bank directed that letters of notice of intent to repossess on October 27, 1970 and notice of repossession on November 24, 1970 be sent to the plaintiff.

At the close of the evidence and before the final arguments, the plaintiff submitted the following requests for rulings of law:

"1. Conversion consists of a positive wrongful act by a person with the intention to appropriate the property to himself or to deprive the rightful owner of it. *Spooner* v. *Holmes*, 102 Mass. 503, 506.

2. The plaintiff in order to recover must show that, at the time of the conversion, he had a general or special interest in the property and also that he had actual possession of it. *Mass. Lubricant Corp.* v. *Socony-Vacuum*, 25 N.E.2d 719, 721.

3. Possession is prima facie evidence of title and an action may be based on such possession. *Comm.* v. *Finn*, 198 Mass. 466, 468.

4. The plaintiff is entitled to recover the fair and reasonable market value of the property with interest from the time of the conversion. *Manhattan Clothing Co., Inc.* v. *Goldberg*, 78 N.E. 2d.

5. Consequential damages, including loss of use during any period of detention, resulting from and caused by the conversion are recoverable. *Food Specialties, Inc.* v. *John C. Dowd, Inc.*, 162 N.E. 2d 276, 283.

6. A sincere and apparently well founded belief that a tortious act is right

does not constitute a defense in an action of conversion. *Baer* v. *Slater,* 261 Mass. 153, 155.

7. The holder of a security interest in a motor vehicle must give notice to the owner either personally or by writing by registered or certified mail within five days of a repossession. G.L. Chapter 255B, section 20A, subsection B.

8. The burden of proof of delivery of any notice required under G.L. 255B, § 20A, is upon the holder of the security interest.

9. An envelope bearing a postage meter date only is not evidence of mailing by certified mail to a buyer in accordance with the provisions of G.L. Chapter 255B, Section 20A, Paragraph F.

10. An owner may testify to the value of his car before a conversion. *Tosches* v. *Town of Sherbon,* 169 N.E. 2d 901, 903.

11. Failure to comply with Paragraph B of G.L. Chapter 255B, Section 20A, Paragraph B, vests in the owner the right to sue the holder for conversion.

12. When the holder of a security interest without objection accepts overdue payments not made in accordance with the strict terms of the contract, an order of business is established inconsistent with the contract and constitutes a waiver. *Porter* v. *Harrington,* 262 Mass. 203, 207-208.

13. Acceptance by a holder of security interest of payments after repossession constitutes a waiver of any right to, repossess. *Porter* v. *Harrington,* supra; *Providence Washington Ins. Co.* v. *Beck,* 255 N.E. 2d 600, 601.

14. The plaintiff is entitled to penalty equal to fifty percent of the fair market value of the converted property because of the failure of the defendant bank to comply with G.L. Chapter 255B, § 20A.

15. Loss of use can be measured by the cost of replacement or rental of similar property during the period of conversion.''

The court allowed plaintiff's request number 1-8, 10, and 11. Number 14 and 15 were allowed as correct statements of law. Number 9 was allowed as a correct statement of law but was found not material in this case. Number 12 and 13 were denied as not applicable to the facts found.

The court found as follows:

''I find that both defendants acted properly and legally in the repossession and resale of the automobile in question after the plaintiff was in default of his monthly payments. I find no evidence that either defendant converted to his own use any personal property of the plaintiff that allegedly was in said car.''

The report states that it contains all the evidence material to the questions reported.

The plaintiff claiming to be aggrieved by the court's denial of his requests for rulings Nos. 12 and 13, and by the court's finding that his request for ruling No. 9 was not material in this case, the trial judge reported the same to this Division for determination.

Although the report states that it contains all the evidence material to the questions reported, it lacks certain factual information which might well have been helpful, if not controlling, in the determination of the issues presented. It makes no reference to the nature of the underlying credit transaction nor of the security interest which secured it. Nowhere in the report does it appear that the defendant, Capitol Bank and Trust Company, was a "holder" as the word is used in General Laws, Chapter 255B, Section 20A, and we are unable to determine that it was such or that the underlying credit transaction was in fact a retail installment sale of a motor vehicle as defined in section 1 of said chapter. See, *City Bank and Trust Co.* v. *Chipman,* 33 Mass. App. Dec. 127; *First Bank and Trust Company of Needham* v. *Memmo,* 34 Mass. App. Dec. 199.

We find no error in the ruling of the trial justice that plaintiff's request No. 9 was not material. It is apparent from his allowance of plaintiff's requests for rulings Nos. 7

and 8 that the justice correctly instructed himself concerning the law.

■ He then made the special finding that "both defendants acted properly and legally in the repossession and resale of the automobile in question after the plaintiff was in default of his monthly payments." The trial justice's general and special findings are to stand if warranted upon any reasonable view of the evidence, including such rational inferences as the evidence warrants. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495, 499; *Caton* v. *Winslow Bros. & Smith Co.,* 309 Mass. 151, 154; *Piekos* v. *Bachand,* 333 Mass. 211, 213; *M. DeMatteo Construction Co.* v. *Commonwealth,* 338 Mass. 568, 572. The findings of fact made by the trial judge on oral evidence are final. *Butler* v. *Cromartie,* 339 Mass. 4, 6; *Huikari* v. *Eastman,* 1972 Mass. Adv. Shs. 1339.

■ We likewise find no error in the ruling of the justice that plaintiff's requests for rulings Nos. 12 and 13 were inapplicable and, for that reason, denied. It is fundamental that a party may waive a breach of contract committed by an adverse party. Whether or not there has been a waiver is usually a question of fact. *Hutchinson* v. *Liverpool and London and Globe Insurance Company,* 153 Mass. 143, 145; *Taxi Service Co.* v. *Gulf Refining Co.,* 252 Mass. 314, 320. There was evidence that the defendant bank had sent a

letter acknowledging late payments but holding to its position that it had not waived default. Obviously, the trial justice found that there was no waiver of default or of timely payments by the bank. The case of *Porter* .v. *Harrington,* 262 Mass. 203 is not apposite. There the trial justice found that "the plaintiff has made payments (which the defendants have during all this period accepted *without, so far as appears, making any objection or giving any warning against future delays*) at times far behind the dates when according to the contract such payments were due." (emphasis added). With respect to request No. 13, it could have been found that the bank was simply receiving and keeping a part of what was due to it. *Bucholz* v. *Green Bros. Co.,* 272 Mass. 49, 54.

The justice's [general] finding for the defendants imports a further finding of all the subsidiary facts and the drawing of all rational inferences essential to that conclusion. This [general] finding must stand if permissible upon any reasonable view of the evidence or unless it is plainly wrong. We cannot say that the justice's view of the evidence was unreasonable or that the finding was plainly wrong on the record before us. *Moss* v. *Old Colony Trust Company,* 246 Mass. 139, 143; *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477, 484; *Joseph Zaleski* v. *Laura R. Zaleski,* 330 Mass. 132, 134.

No appeal appears to have been taken from the finding for the defendant, Connolly Buick Co., Inc., and it is therefore deemed to be waived.

 If the plaintiff perceived any inconsistency between the general finding for the defendants and the action of the trial justice upon plaintiff's requests for rulings, this should have been brought to the attention of the justice by a motion for a new trial or by a motion to correct inconsistencies, not by way of appeal. *Biggs* v. *Densmore,* 323 Mass. 106, 108-109; *Vieira* v. *Balsamo,* 328 Mass. 37, 39.

An order should be entered **dismissing the report.**