*Municipal Court of the City of Boston*

No. 354037

# NEW ENGLAND MERCHANTS NATIONAL BANK
## v.
# JOHN McPHERSON

Argued: October 31, 1975. Decided: May 4, 1976

Case tried to *Umana, J.*

Present: Lewiton, C.J.; Canavan, Foster, J.J.

**Foster, J.** This is an action of contract to recover for money loaned according to an account annexed alleging $497.28. The defendant answered by way of general denial and payment. In addition the defendant filed a declaration in set-off seeking to recover in three counts: Count I under G.L.c. 255B, §20A (E) in that the plaintiff failed to comply with c. 255B, §20A (B); Count II under G.L.c. 255B, §20A (E) in conversion and Count III under G.L.c. 255B, §20 A(F) in that the plaintiff did not sell or otherwise dispose of the motor vehicle in a commercially reasonable manner. The plaintiff, defendant in set-off, answered by way of general denial; an answer of notice in compliance with G.L.c. 255B and c. 255D; an answer denying conversion and alleging lawful acquisition of possession and an answer of having sold the motor vehicle in a commercially reasonable manner.

*At the trial there was evidence tending to show that:*

The defendant on October 22, 1968 purchased a 1968 used four door Dodge Polara from Boch Dodge for a total purchase price of $3,889. The defendant made a down payment to Boch Dodge of $1,037.88. The defendant executed a promissory note payable to Boch Dodge for the balance of the loan, namely $2,852.00, plus a finance charge of $618.04, for a total face amount of the note of $3,470.04. This note was payable in 36 monthly installments of $96.39 per month and was executed by the defendant on October 22, 1968. Thereafter Boch Dodge assigned the note without recourse to the plaintiff.

Regular payments were made by the defendant on the note for a period of time, gradually becoming less regular. The last payment was made on July 23, 1970, at which time there was a balance due of $1,637.18.

On October 1, 1970 the plaintiff repossessed the motor vehicle of the defendant without force. A for-

mal written notice of repossession and intention to sell, dated October 1, 1970, was mailed by the plaintiff on October 2, 1970 to the defendant by certified mail, return receipt requested. The parties stipulated that it was properly addressed. The notice advised the defendant of the repossession and the bank's intention to sell and further advised him that he could redeem the vehicle by paying in full within fifteen days subsequent to the notice or prior to the actual sale, whichever be later.

The motor vehicle was sold on October 20, 1970 and an affidavit of purchase was forwarded to the defendant. The vehicle was sold for $700, thereby leaving a deficiency, after credit adjustments. The parties stipulated that if the court found for the plaintiff the deficiency should be in the amount of $497.28.

There was testimony as to the mileage and condition of the vehicle. The mileage at the time of repossession was 58,604, the car had been damaged, and there was something wrong with the rear end. There was testimony that there was an "open bid", but there was no direct testimony as to whether the practice of obtaining three bids was followed. Plaintiff's testimony was that it always obtained three bids, but inquiry in this particular case pursued by the defendant was limited to whether the plaintiff had the names of the three bids in the file in the court room.

At the close of the evidence and before final arguments the defendant made the following requests for rulings on which the court ruled as indicated:

"1. As the plaintiff did not give the defendant the fourteen day notice under G.L.c. 255B, §20A (A), the defendant is not liable for attorneys fees. G.L.c. 255B, §20A (C) (2). COURT: *Denied. See findings of fact.*

"2. The defendant is not liable for any finance charges or insurance premiums allocable to installments due after repossession. G.L.c. 255B, §20A (D) (1) COURT: *Denied. See findings of fact.*

"**3.** The plaintiff within five days of repossession is required to give the defendant notice conformably to the requirements of G.L.c. 255B, §20A (B). COURT: *Allowed, but inapplicable to facts found.*

"**4.** If the court finds that a notice was given to the defendant pursuant to G.L.c. 255B, §20A (B), then the notice given failed to conform to the requirements of G.L.c. 255B, §20A (B). COURT: *Denied. See findings of fact.*

"**5.** The evidence does not warrant a finding that the defendant held the collateral for fifteen days after notice was delivered to the defendant as required by G.L.c. 255B, §20B. COURT: *Allowed.*

"**6.** The evidence warrants a finding that the defendant paid more than 60% of the purchase price or loan. COURT: *Allowed.*

"**7.** The plaintiff did not give defendant notice of the time and place of the sale. COURT: *Denied. See findings of fact.*

"**8.** The defendant was entitled to notice of the time and place of the sale of the collateral. G.L.c. 106, §9-504 (3). COURT: *Allowed, but see findings of facts.*

"**9.** The defendant was required to dispose of the collateral in a commercially reasonable manner. G.L.c. 255, §20A (C). COURT: *Allowed, but see findings of fact.*

"**10.** The defendant did not dispose of the collateral in the commercially reasonable manner. COURT: *Denied.*

"**11.** The evidence does not warrant a finding that the defendant disposed of the collateral in a commercially reasonable manner. COURT: *Denied.*

"**12.** Once the defendant alleges and/or introduces into evidence that the plaintiff did not dispose

of the collateral in a commercially reasonable manner as required by G.L.c. 255B, §20A (C), the burden of proof to show a disposition in a commercially reasonable manner is on the plaintiff or the party who disposed of the collateral. COURT: *Allowed, but inapplicable in view of findings of fact.*

"13. The defendant, upon all the evidence, is entitled to recover in set-off. COURT: *Denied.*

The court found the following facts:

"1. I find that the plaintiff, after repossession of the motor vehicle, disposed of it in a reasonably commercial manner.

"2. Plaintiff sold motor vehicle for a fair and reasonable price.

"3. Plaintiff gave defendant notice and intention to sell more than ten days after default as required by G.L.c. 255B, §20A and within five days after repossession.

"4. Plaintiff gave defendant notice of date and time of intended sale and adequate opportunity to find out place of such intended sale at least fifteen days before such sale.

"5. Plaintiff gave defendant notice at least fifteen days before sale, that in the event of sale because of default, the defendant would be liable for a reasonable attorney fees and for any deficiency and interest on the remaining debt.

"6. The notice of repossession and intent to sell made specific reference to G.L.c. 255, 255B, and 255D."

The court found for the plaintiff in the amount of $497.28 and for the defendant in set-off.

The defendant, claiming to be aggrieved by the court's denial of his requests for rulings numbered 1, 2, 4, 7, 10, 11 and 13 and by the court's findings of

fact set forth in paragraphs 1, 2 and 3, reported the same to the Appellate Division for determination.

We are considering the merits of this case despite late filing by the plaintiff of the affidavit, signed by the purchaser of the collateral, required by G.L.c. 255B, §20A (D) (2).

Courts have held that where the repossession is based on breach of an installment sales contract and not on a promissory note, the filing of the affidavit is not a condition precedent to recovery of a deficiency, *Bankers Discount Trust, Inc. v. Cotone*, 31 Mass. App. Dec. 121 (1962); *Bankers Discount Trust v. Kaswicz*, 26 Mass. App. Dec. 64 (1963).

Two recent decisions of the Supreme Judicial Court have established the rule that failure of an appellant to take any other step than the timely filing of an appeal does not deprive the court of jurisdiction over the appeal. An appellate court need only take action to dismiss when the appellant's omission causes prejudice to the respondent. *Schulte v. Director of Employment Security*, —— Mass. —— (1975)[1]; *Pierce v. Board of Appeals*, —— Mass. —— (1976)[2]. We find that plaintiff's late filing was not prejudicial, and thus turn to the merits.

The plaintiff claims error in the trial court's denial of his request, No. 1, for a ruling that the plaintiff did not give the fourteen-day notice referred to in G.L.c. 255B, §20A (A), Acts of 1967. Under §20A (A), the secured party in a consumer credit transaction could decide whether or not to give fourteen-day notice that it intended to repossess. It could claim reasonable expenses of repossession, including attorney's fees, storage, and resale costs only if it gave the notice. Thus, the knowledgeable creditor could, in each case, weigh the danger of forewarning the

---

[1] Mass. Adv. Sh. (1975) 3247.
[2] Mass. Adv. Sh. (1976) 572.

debtor of the repossession against the loss of the right to claim such expense either from the proceeds or as a deficiency. In this case, it was not until after repossession that the plaintiff gave the defendant fourteen days' notice of its intended sale of the vehicle. The notice contemplated by §20A (A), which would entitle a plaintiff to recover its incidental costs under §20A (C) (1) and §20A (C) (2), must be given fourteen days before repossession. Therefore, the trial court's ruling on defendant's request No. 1 was in error and the plaintiff is not entitled to recover incidental costs.

The defendant also claims error in the denial of his request No. 2, for a ruling that he is not liable for any finance charges or insurance premiums allocable to installments due after repossession. This ruling was clearly required by G.L.c. 255B, §20(A) (D) (1), and its denial was error. The defendant's request No. 4, for a ruling that the notice of sale given to him did not conform to G.L.c. 255B, §20A (B) is without merit, and was properly denied. The notice, plaintiff's Exhibit #1, specifically met the four requirements of that section.

The defendant further claims error in the denial of his request, numbered 7, that the plaintiff did not give him notice of the time or place of sale of the collateral. The notice tendered by the plaintiff, plaintiff's Exhibit #1, stated:

"You are hereby further notified that we intend to sell said property at private sale to be held after 9:00 o'clock in the forenoon . . . on the sixteenth (16th) calendar day subsequent to the date of this notice as appears above".

The denial of defendant's request was clearly in error, because neither the actual date of sale (nineteen days after the notice) nor the place of sale is mentioned in the notice.

However, this error is offset by the fact that allowance of defendant's request, numbered 8, for a ruling that the defendant was entitled to notice of the time and place of the collateral, was in error. G.L.c. 106, §9-504 (3) states:

" . . . [R]easonable notification of the time and place of any public sale or reasonable notification of the *time after which any private sale* or other intended disposition is to be made shall be sent by the secured party to the debtor . . ." (emphasis supplied).

Allowing that plaintiff's characterization of the sale as private is correct, the notice was in strict compliance with the requirements of G.L.c. 106, §9-504 (3) as to notice of an intended private sale. G.L.c. 255B, §20A (B) imposes no requirement that notice of intended sale include the time or place of sale. Notification to the defendant at a time after which the collateral would be sold is sufficient, *Nelson v. Monarch Investment Plan of Henderson, Inc.,* 452 S.W. 2d 375 (Ky. 1970). Therefore, the defendant was not entitled to notice of time or place of sale, and denial of his request for a ruling that he did not receive such notice is harmless error.

██ The defendant finally claims error in the trial court's denial of his requests, numbered 10 and 11, for rulings that the repossessed vehicle was not disposed of in a commercially reasonable manner while a secured creditor may dispose of collateral at a private sale, G.L.c. 106, §9-504 (3) requires that every aspect of such a sale be commercially reasonable. *Old Colony Trust Co. v. Penrose Industries Corp.,* 280 F. Supp. 698 (E.D. Pa. 1968) affirmed 398 F. 2d 310 (3 Cir. 1968); *Nelson v. Monarch Investment Plan of Henderson, Inc.,* 452 S.W. 2d 375 (Ky. 1970). The plaintiff claimed to have sold the vehicle by "open bid", in accordance with its usual practice of obtaining three bids. However, there was no evidence presented to show that in this instance any bids

other than that of the original vendor were obtained. The trial court, therefore, having allowed defendant's request, numbered 12, for a ruling that the burden of proof to show disposition of collateral in a commercially reasonable manner is on the plaintiff, was not justified in finding that the plaintiff met that burden. Despite the high mileage and rear end damage, the plaintiff's sale of the vehicle, less than two years old, for only 18% of its original price subjects it to a high standard of proof that the manner of sale was commercially reasonable. The trial court's finding that the sale was commercially reasonable was not based on sufficient evidence and requires that the case be remanded for a new factual determination.

Rejection by the trial court of defendant's requests for rulings numbered 1, 2, 10 and 11 was prejudicial error. This case is therefore remanded for disposition consistent with this opinion.

The defendant argues that rejection of his request numbered 13, for a ruling that he is entitled to recover in set-off, is error. On remand, the court should consider if it should find for the defendant on some issues, that the defendant may recover in set-off only for a liquidated claim. Thus, no remedy in set-off is available on Counts I and II, even if meritorious. However, Count III may entitle the defendant to a set-off in the amount of five hundred dollars, under G.L.c. 255B, §20A (F), should the court find that the plaintiff's sale of the collateral was not carried out in a commercially reasonable manner.

**Finding for plaintiff vacated. Finding for defendant in set-off vacated. New trial ordered.**

*Canavan, J. concurring:*

I concur with the result.

*Lewiton, C.J. concurring:*

I concur in the order remanding this case for a new trial. As stated in the opinion by Foster, J., the reported evidence did not warrant a finding that the plaintiff's sale of the defendant's motor vehicle, after repossession, was "carried out in a commercially reasonable manner" as required by G.L.c. 255B, §20A (C), and the denial of the defendant's requesting ruling #11, asserting such insufficiency of the evidence, was erroneous. Since this issue is vital to a determination of the rights of the parties, there must be a new trial.