FRANK H. LALLY *vs.* PETER BENT BRIGHAM HOSPITAL.

NORFOLK. February 24, 1970. — April 8, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Executor and Administrator*, Insolvent estate, Claims against estate.

Expenses of administration of the estate of a decedent having insufficient funds to pay all his debts may be allowed at proper intervals as the administration proceeds. [227]

Under G. L. c. 198, § 1, where funds in the estate of a decedent were insufficient to pay in full an undertaker for funeral expenses of the decedent and a hospital for expenses of the last sickness, the funds should have been distributed ratably to the undertaker and to the hospital. [228]

MOTION filed in the Probate Court for the county of Norfolk on April 15, 1969.

The motion was heard by *Reynolds*, J.

The case was submitted on briefs.

*Frank G. Lichtenstein & Mark Lichtenstein* for Peter Bent Brigham Hospital.

*James M. Kendrick* for Frank H. Lally.

WILKINS, C.J. In the estate of Agnes E. Connolly, deceased, in the Probate Court for Norfolk County the inventory showed personal property in the amount of $3,124. Peter Bent Brigham Hospital filed a claim of $4,105.85 for expenses of the last illness. Frank H. Lally, proprietor of the Lally Funeral Home, filed a claim of $1,158 for funeral expenses. The executor represented the estate insolvent. Commissioners were appointed. They filed a report, which disclosed that the hospital and the undertaker were the only creditors. The executor's first account showed $2,130.67 on

hand after deducting fees of the executor and his attorneys. The account was allowed, and a decree entered on the commissioners' report which provided that the "sum of $2,130.67 be distributed to creditors in proportions provided by law." Lally filed a motion for the determination of the proper proportion of the balance between the two creditors. After hearing a decree was entered establishing the following list of creditors: "1. Lally Funeral Home — burial preferred — $1,158.00; 2. Peter Bent Brigham Hospital — last and final illness — the balance of $2,130.67 that the . . . executor has in his possession." The hospital appealed. The case is here on an agreed record under S. J. C. Rule 1:04, 351 Mass. 734.

The sole issue is whether G. L. c. 198, § 1, relating to the distribution of an insolvent estate, recognizes whether a debt due to an undertaker for funeral expenses and to a hospital for expenses of the last sickness are within a single classification so that they each take a pro rata share or whether one is preferred over the other.

General Laws c. 198, § 1, must be stated at length: "If the estate of a person deceased is insufficient to pay all his debts, it shall, after discharging the necessary expenses of his funeral and last sickness and the charges of administration, be applied to the payment of his debts, which shall include equitable liabilities, in the following order: First, Debts entitled to a preference under the laws of the United States. Second, Public rates, taxes and excise duties." Third, wages or compensation up to $100 for labor performed within one year preceding the death of the decedent or for which judgment has been rendered. Fourth, debts up to $100 for necessaries furnished the decedent or for which judgment has been rendered. "Fifth, Debts due to all other persons. If there is not enough to pay all the debts of any class, the creditors of that class shall be paid ratably upon their respective debts; and no payment shall be made to creditors of any class until all those of the preceding class or classes, of whose claim the executor or administrator has notice, have been fully paid."

The payment of administration expenses was covered in the allowance of the executor's first account, from which there was no appeal. They are not in question before us. They could be independently authorized under other statutes. See G. L. c. 206, § 16.[1] See also c. 215, §§ 39A, 39B. If our opinion as to the allowance of administration expenses is now needed, we agree with that result, as we believe that these expenses may be allowed at proper intervals as the administration proceeds, since otherwise the orderly handling of estates would be impeded if not prevented altogether.

As between funeral expenses and those of the last illness, we cannot prefer one to the other without doing violence to the wording of c. 198, § 1. Accordingly, we adhere to that wording. The estate, if insolvent, "shall, after discharging the necessary expenses of his funeral and last sickness and the charges of administration, be applied to the payment of his debts" in a prescribed order. If both types of expense are paid proportionately and without priority of one over the other, such a construction would be consistent with the last sentence of § 1, which commands that the creditors of one class shall be paid ratably, and in full before members of subsequent classes.

There are no cases in this Commonwealth where this issue has been squarely presented.

Both parties quote the following paragraph from Newhall, Settlement of Estates (4th ed.) § 185, pp. 532–533: "When an estate is insolvent, the necessary funeral expenses, expenses of last sickness, and charges of administration are to be paid first, before any other claims are paid. If, however, the estate is insufficient to pay these in full, there is no definite authority, statutory or otherwise, as to which comes first. The prevailing opinion among the probate judges is that administration expenses come first, as being absolutely

---

[1] "An executor, administrator, guardian, conservator or trustee shall be allowed his reasonable expenses, costs and counsel fees incurred in the execution of his trust, and shall have such compensation for services as the court may allow. Such compensation, expenses, costs and counsel fees may be apportioned between principal and income as the court may determine."

necessary.  Presumably, the other two would share pro rata, but there is no authority.  The reasoning applied in the case of the administration expenses would make the funeral expenses preferred over the last sickness expenses.  It seems to be up to the individual probate judge, as no case is likely to be carried higher."

Lally also quotes the following paragraph from Lombard, Probate Law and Practice, § 744, pp. 65–66: "A problem does arise if.there are not sufficient assets to pay these debts and charges in full.  [Administration, funeral, and last sickness.]  No decisions of the Supreme Court can be found as to whether or not they are all on the same plane or which has priority, if any, over the other.  In the absence of authority or direction, it would seem that charges of administration should come first for payment, otherwise how would the estate get into a court for administration.  A dead body must be buried or cremated, so it would seem logical that the funeral expenses could come next with expenses for last illness being last."  See 31 Am. Jur. 2d, Executors and Administrators, § 314.

Now that, contrary to the prediction of Newhall, a case has been carried higher than a probate judge, we must conform to our best judgment and follow the words of the statute in treating expenses of the last illness and funeral expenses as in the same category.  The final decree is reversed and a new decree is to be entered providing that the funds of the estate on hand shall be distributed ratably to the hospital and to Lally.

*So ordered.*