Elam, C. J.
This is a contract action in which the plaintiff seeks to recover the sum of $5,561.00 for services rendered to the defendant’s decedent, Ann MacNeill from August 1, 1977 to September 3, 1978, the date of decedent’s death.
The defendant sets up by way of answer the defense of statute of limitations and the failure on the part of the plaintiff to comply with provisions of G. L. c. 197, §9.
The parties submitted the following agreed statement of facts:
That the defendant is the sister of the decedent and was appointed Admin-istratrix of the Estate of Ann MacNeil, late of 77 Franklin St., Stoneham, Mass. 02180, on February 16, 1979.
That services were rendered by the plaintiff Hospital to the decedent as stated in its complaint and that the amount of $5,561.00 was the balance due for such services.
That the Plaintiff admits the action was not brought within nine months after the Administratrix gave bond for the performance of her trust, as provided in said General Laws, Chapter 197, section 9.
That the Plaintiff admits that it failed to file a written statement of its claim on an approved form with the proper registry of probate and a copy thereof delivered or mailed to the Administratrix within four months from the approval of the bond, as provided in said General Laws, Chapter 197, section 9.
That on March 13, 1979, the Plaintiff mailed a hospital bill headed, ‘Estate of Mrs. Ann MacNeill, 77 Pine Street, Stoneham, Mass. 02180,’ and addressed the envelope to the decedent’s sister as follows: ‘Estate of Ann MacNeill, c/o Ida Figucia, 1A Gerry Street, Stoneham, Mass. 02180.’
That on July 25, 1979, the Plaintiff mailed a Hospital bill headed, ‘Estate of Ann MacNeil, 77 Pine Street, Stoneham, Mass. 02180’, and addressed to, ‘Ida Figucia, Administratrix, 1A Gerry Street, Stoneham, Mass. 02180.’
The issue raised by this appeal is whether the mailing of the hospital bill on March 13, 1979 addressed to the estate of Ann MacNeil, c/o Ida Figucia, 1A Gerry St., Stoneham, Mass. 02180 was a proper presentment of the plaintiff’s claim, in accordance with G. L. c. 197, §9. The trial judge found that it was, and we agree.
Section 9A of Chapter 197 provides in pertinent part that a claim against a decedent’s estate may be presented as follows:
The claimant within four months after approval of the official bond of the executor or administrator may deliver or mail to the executor or adminis- rator *210 a written statement of the claim indicating its basis, the name and address of the claimant and the amount claimed, or within such time may file a written statement of the claim on an approved form with the proper Registry of Probate and a copy thereof delivered to the executor or administrator. The claim shall be deemed presented on the first to occur of the receipt of the written statement of claim by the personal representative or the filing of claim in the Registry of Probate....” (emphasis supplied)
There is no question that at the time of the mailing of the hospital bill on March 13, 1979, Ida Figucia was the duly authorized personal representative of her late sister’s estate, having been appointed Administratrix on February 16, 1979, less than four weeks earlier. In accepting the appointment as Administratrix, she accepted the responsibility of paying out'of the estate’s assets all its legitimate debts. See G.L. c. 198, § 1 and Frank H. Lally v. Peter Bent Brigham Hospital, 357 Mass. 225 (1970). Thus, there should have been no confusion in the mind of Ida Figucia when she received plaintiff’s bill that it had been directed to her in her capacity as the administratrix of the estate of Ann MacNeill.
It is the judgment of this court that the legislative intent of the statute in question was clearly met by a mailing that was directed to a party who was in fact the personal representative of the decedent’s estate.

Report dismissed.