## Southern District

### HAROLD L. BAKER CO., INC.

#### v.

### WILLIAM D. MELEDONES

*Present*: Nash, P. J. & Cox, J.

Case tried to *Murphy*, *J*. in the First District Court of Barnstable. No. 21354.

*Cox, J.* The matter before us is the defend-

ant's motion to dismiss, under Rule 32, the plaintiff's request for a report for the reason that the *plaintiff has failed to file briefs within fifteen days after notice of the allowance of a draft report* by the trial judge on January 4, 1965. Rule 31 of the District Courts, in effect before and since January 1, 1965, so far as material, allows fifteen days, exclusive of Sundays and Holidays, for filing briefs after notice of the allowance of a report. That rule permits the Appellate Division for good cause to allow further time for the filing of briefs. It was also encumbent upon the plaintiff under Rule 31, as the party requesting the report, to file within said fifteen days five additional copies of the report as allowed.

Rule 32, similarly in effect, provides that if the party whose claim for a report has been allowed, the plaintiff in this case, "shall not prosecute the same promptly by preparing the necessary papers or otherwise as herein provided, the Appellate Division may upon motion or of its own initiative order the cause to proceed as though no such claim had been made, and may impose double costs or take such action as justice may require."

The justice on *January* 4, 1965 allowed the report requested by the plaintiff. Since that time to the present the plaintiff has filed neither briefs nor the extra copies of the report as allowed, as required by Rule 31. Neither has the plaintiff, since the allowance of the report on January 4, 1965 and prior to the hearing of the defendant's motion to

dismiss, requested additional time for filing briefs or copies.

The plaintiff has allowed more than five months to pass without any action on its part to prosecute the report. The failure to act is justified on the ground that its counsel was occupied in full time public service. It did not appear that the defendant has been harmed by the delay.

We are of the opinion that justice will be better served by allowing the plaintiff time in which to prosecute the report by filing briefs and copies, as required by the rule, than by peremptory dismissal. *Westland Housing Corp. v. Scott,* 312 Mass. 375, 379; *Trade Mutual Liability Ins. Co. v. Peters,* 291 Mass. 79, 84-85; *Kelley v. Kelley,* 272 Mass. 515, 521.

Accordingly, if the plaintiff shall file briefs and copies of the report as allowed in accordance with Rule 31, on or before the expiration of fifteen days after notice of this decision, then the defendant's motion to dismiss is denied and an entry to that effect is to be noted on the docket. Otherwise, the entry shall be "Defendant's motion to dismiss plaintiff's request for report allowed with double costs." Rule 32.