*Northern District*
#16048

## DORIS E. STEIN
v.
## DAVID LAVEIN, Exec.
## ESTATE OF MILTON L. COHEN

Argued: May 24, 1967    Decided: July 19, 1967

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Cullen, J.,* in the District Court of Newton #16048

*Brooks, P. J. This is an action of tort for negligence* in one count to recover for personal injuries allegedly resulting from a motor vehicle accident. The answers, so far as pertinent, consist of general denial, contributory negligence, violation of law and lack of agency.

*At the trial there was evidence that* plaintiff's husband on March 4, 1964 drove his car with plaintiff as passenger to the Phillips House, part of the Massachusetts General Hospital, in Boston. Phillips House is located on the right hand side of Charles Street as plaintiff was proceeding. The entrance is set back several feet from the sidewalk. An automobile driveway leads to the front steps of Phillips House, then on out to the sidewalk forming a half-circle.

The Stein car parked on Charles Street so that the rear of the car was one to two feet belond the entering driveway. This was at about 6:30 P.M. Weather conditions were good. The area was well-lighted.

Plaintiff's husband got out of the car and entered the hospital, plaintiff remaining in the car. After she had sat there for about ten minutes she felt a "wack" in the back of her car which threw her forward. She opened the door and looked around to the rear of her car and saw a car backing into a space on Charles Street, on the other side of the driveway from where plaintiff was parked. Plaintiff did not get out of her car. At this time traffic was proceeding

on Charles Street in the same direction that the Stein car was headed.

Plaintiff saw a man on crutches and a woman get out of the other car and go directly into the hospital. Plaintiff did not call out nor was there any conversation between them.

Plaintiff's husband left the hospital and found his wife seated on the right front seat with the door opened and her legs "turned out on to street on right side". They had a conversation and she pointed to a car parked across the driveway. Plaintiff's husband took the registration number of that car.

When testifying plaintiff's husband did not recall the registration number of defendant's car, nor was his memory refreshed by a photostatic copy of the registry report that was shown him. He did recall that he had made a report dated March 8, 1965 upon which he had put down the registration number taken from the parked car. It was on the report as Mass. 1965 Reg. No. 366-734.

The first time plaintiff's husband looked at the rear of his car was a day or two after the accident. Plaintiff did not look at the rear of the car. He did not testify to seeing any damage either to the rear of his car or to the front of defendant's car.

Plaintiff could not identify the car she saw backing into the parking space nor the car she saw parked and which she pointed out to her husband with reference to year, make or model,

except it was light color or beige. She testified that the car she saw backing into the parking space and the car she pointed out to her husband were the same.

Mrs. Cohen, wife of the deceased Milton L. Cohen, testified that on the night in question her husband drove his car with her as passenger to Phillips House and that he parked on Charles Street some distance back of the driveway (on the further side of which was parked the Stein car).

Mr. Cohen was on crutches and it took him about ten minutes to walk from the car up the driveway into the hospital. No one called to them. She testified that her husband's car was not in contact with any other car and that while parking, the front of their car never reached the far side of the driveway (where plaintiff's car was parked).

Evidence was produced that 1965 Reg. No. 366-734 was registered to Milton L. Cohen. There was evidence of injuries to plaintiff. There was no evidence of damage to either car.

Defendant made the following Requests for Rulings:

1. The evidence does not warrant a finding for plaintiff.
2. The evidence does not warrant a finding that defendant's testator, his agents, servants or employees were negligent.
3. The evidence warrants a finding for defendant.

The court denied defendant's request #1; "effectively denied defendant's request #2", stating "number 2 inapplicable to the facts found"; and allowed request #3.

The court found the following facts:

"1. The defendant's testator was the operator of the motor vehicle that caused the plaintiff's injuries.

2. The defendant's testator was negligent in the operation of his vehicle.

3. The plaintiff was totally disabled for one week and partially disabled for eight weeks."

Defendant claims to be aggrieved by the court's denial of his requests #1 and 2.

On the evidence presented, the trial judge could reasonably have found that the car seen backing away from the Stein car was the same car that parked on Charles Street and from which plaintiff obtained a registration number belonging to defendant's car. The judge could further find that some vehicle had hit plaintiff's car causing injuries. The issue is whether there is sufficient evidence for the trial judge to have properly found defendant's car to have been the one that struck the car in which plaintiff was riding.

Except that the Cohen car was backing away from the Stein car when first seen by plaintiff, there is little that throws light on what vehicle caused the "wack". There is no evidence of damage to either car. There is no evidence of

the nature of the injuries to plaintiff. There was no action of any of the individuals involved, by way of conversation or otherwise, from which contract by the two cars could be inferred. There is indeed nothing to show exactly what part of plaintiff's car was "wacked". The blow might have come from a passing car. This could explain the lack of concern of the occupants of defendant's car and the failure of plaintiffs to attempt to attract attention of those occupants to the contact. The behavior and character of the defendant was hardly consistent with a hit-and-run operation.

There are only two ways in which contact might have occurred. One is that the front end of defendant's car came into collision with the rear end of plaintiff's car while defendant was maneuvering to park to the rear of plaintiff. The other possibility is that a passing car going in the same direction as plaintiff was headed, contacted the left rear corner with sufficient force to shake up plaintiff, then went on its way perhaps a hit-and-run driver.

We have to choose between these two alternatives. The court has said many times that it is not necessary to explain with complete satisfaction how an accident happened. *Walker* v. *Benz Kid Co.*, 279 Mass. 533, 537. *Ginsberg* v. *M.T.A.*, 333 Mass. 514, 516. It has also said that pure conjecture is not enough to warrant finding of liability. *Rankin* v. *Brockton Public*

*Market, Inc.,* 257 Mass. 6, 8, 11. *Beaver* v. *Costin,* 352 Mass. 624. Again, the court has laid down the principle that if one explanation of the accident is more probable than another, liability may be adjudicated. *Martin* v. *Reis,* 344 Mass. 32, 36.

The first alternative is sufficiently more probable than the second to warrant a finding for plaintiff. The effect of the contract was to throw plaintiff forward. Had the contact been sufficiently on the side to have permitted the passing car to proceed, plaintiff would have been thrown sideways.

Another reason for considering plaintiff's theory more probable was the result of the contract to plaintiff's car. Plaintiff's husband looked at his car shortly after the accident. Because he made no mention of damage to the car and because there was no suit for property damage, it could reasonably be inferred that the damage was minimal. This would be consistent with the slow speed of defendant's car. The force of the blow was presumably absorbed by the bumper and was not sufficient to leave a marked impression anywhere.

On the other hand, a blow imparted by a passing car, in other words a side swipe, would have left scratch marks and probably dents in the left rear fender.

The court obviously believed plaintiff in the matter of contact between the cars and disbelieved defendant's denial of such contact.

This the court had the right to do. He saw and heard the parties. We find no prejudicial error in the disposition of the requests for rulings.

Report dismissed.

WILLIAM J. DOYLE
  for Plaintiff
JOSEPH M. McDONNEL
  for Defendant