COMFORT AIR SYSTEMS, INC. *vs.* SANTO CACOPARDO.

Middlesex.    February 5, 1976. — May 10, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Practice, Civil,* Appellate Division: report, petition to establish report, filing of draft report.

On dismissal by a District Court judge of a claim of reports and draft reports, the Appellate Division properly denied a petition to establish the reports; the exclusive remedy was to file a request for a report of the dismissal in the Appellate Division. [257-258]

Although it was not error for a District Court judge to dismiss a draft report on the ground that it failed to include a statement that it contained all the evidence material to the questions reported, the better practice would have been for the judge to instruct that the statement be inserted or to insert it on his own motion. [259]

CONTRACT. Writ in the First District Court of Southern Middlesex dated January 18, 1974.

The action was heard by *DiCicco,* J.

*Albert Auburn* for Comfort Air Systems, Inc.

HENNESSEY, C.J. Comfort Air Systems, Inc. (Comfort), sued Cacopardo in contract in the First District Court of Southern Middlesex for the balance allegedly due after Comfort completed installation of a central air conditioning system in Cacopardo's home. Cacopardo brought a counterclaim against Comfort for breach of contract, alleging that Comfort had refused, neglected and failed properly to install and engineer the air conditioning system. The claim and counterclaim were tried before a judge of the District Court on April 23, 1974. The judge found for Cacopardo on both the claim and the counterclaim, and awarded Cacopardo damages on the counterclaim.

On the day the judge's findings were made, Comfort filed requests for rulings of law on both the claim and

counterclaim. With regard to the claim, the judge granted three of Comfort's requests and treated the remaining four as immaterial in view of his findings of fact; on the counterclaim the judge treated one request as immaterial in view of his findings of fact and denied the remaining two. The requests sufficiently raised the issue whether the judge's ultimate findings on the claim and counterclaim were warranted.

Comfort filed a request for a report on the claim and counterclaim on June 6, 1974, two days after the judge's findings were made known. Rule 27 of the Rules of the District Courts (1965).[1] On the claim, Comfort filed a draft report on June 11, 1974, followed by the filing of a draft report on the counterclaim two days later. A hearing was held on the two draft reports on July 2, 1974, at which time the judge told Comfort's counsel that certain material would have to be included in the draft reports before the reports would be allowed.

On August 8, 1974, Comfort filed two revised pages of its draft report on the claim, and the pages were forwarded to the judge and to counsel for Cacopardo. On August 9, 1974, Cacopardo moved to dismiss the draft report on the counterclaim on the ground that it failed to contain a statement that it included all the evidence material to the question reported. See Rule 28 of the Rules of the District Courts, Draft Report Model (1965). Comfort therefore filed (on August 13, 1974) the same revised pages it had previously filed on the claim, but this time including the omitted statement, and, on the counterclaim, it filed a "second draft report," which included the omitted statement *and* the revisions. A hearing was held on September 6, 1974, on Cacopardo's motion to dismiss and on the re-

---

[1] The procedure whereby Comfort appealed to the Appellate Division of the District Courts was governed by G. L. c. 231, § 108, and the court rules in effect before July 1, 1975. Rule 1A of the Dist./Mun. Cts. R. Civ. P. (1975). For the differences in time periods within which various actions presently must be taken to procure review by the Appellate Division compare Rules 27 and 28 of the Rules of the District Courts (1965) with Rule 64 (c) (1) (i) and (ii) of the Dist./Mun. Cts. R. Civ. P. (1975).

vised draft reports on the claim and counterclaim. The judge gave Comfort's counsel six typewritten pages of notes consisting of narrative testimony which the judge stated would have to be incorporated into the draft reports before they would be allowed. The motion to dismiss was taken under advisement at that time.

On September 19, 1974, the judge dismissed the draft reports on both the claim and counterclaim, the former on the stated ground that the draft report failed to contain a statement that it contained all the evidence material to the questions reported, the latter on the stated ground that the draft report was not filed within ten days after the cause became ripe for judgment. See Rule 28 of the Rules of the District Courts (1965).

Comfort, within five days after receipt of notice of these dismissals, filed with the Appellate Division of the District Courts a consolidated petition to establish the reports on the claim and counterclaim. See Rule 30 of the Rules of the District Courts (1965), as amended. The Appellate Division heard the matter on June 19, 1975, and denied the consolidated petition to establish the reports, stating that Comfort had "misconceived its remedy to bring its complaint before [us]." The exclusive remedy for reviewing a dismissal of a claim of report or draft report was said by the Appellate Division to be by a claim of report challenging the correctness of the dismissal, not by bringing a petition to establish a report. The Appellate Division rejected Comfort's assertion that the required statement ("This report contains all the evidence material to the question reported.") should be dispensed with in the interest of justice, and noted that Comfort's petition was defective in other material aspects.[2] Comfort appealed to this court pursuant to G. L. c. 231, § 109.

---

[2] The Appellate Division stated that the petition did not contain an allegation that the draft report truthfully set forth the matters claimed as errors and that it did not contain an affidavit that the matters recited in the draft report and petition were true as of the personal knowledge of the affiant. See *Dubois* v. *Boston & Me. R.R.,* 315 Mass. 758 (1944).

Comfort argues that its choice of remedy, i.e., filing a petition to establish a report under Rule 30 as opposed to filing a claim of report and draft report challenging the dismissal of its draft reports under Rule 28, was correct. It contends that the judge in effect *disallowed* its claim of report and draft report, see Rule 30, and that it complied with Rule 30 in bringing its consolidated petition before the Appellate Division in all respects. We disagree.

We have long recognized the difference between dismissal and disallowance of a draft report as they relate to the procedural steps necessary to preserve appellate remedies. See G. Mottla, Civil Practice § 1233 (3d ed. 1962 and Supp. 1971).[3] Compare *Murray* v. *Edes Mfg. Co.,* 305 Mass. 311, 312 (1940), and *Gallagher* v. *Atkins,* 305 Mass. 261, 264 (1940), with *Calcagno* v. *P.H. Graham & Sons Co.,* 313 Mass. 364, 366-367 (1943). Where a judge's order is interpreted as dismissing a claim for report and draft report, the remedy is to file a request for a report of the dismissal in the Appellate Division since no draft report which could be established by petition is on the files of the trial court. *Calcagno, supra* at 366. Where the judge disallows a claim of report or draft report he should set forth in writing the reasons therefor (*Calcagno, supra*; Mottla, *supra* at § 1232), and the proper remedy is to petition the Appellate Division for establishment of a draft report.

Even if we were to assume that Comfort proceeded correctly in appealing to the Appellate Division, on this record we do not see how Comfort's ultimate position on either the claim or the counterclaim can be furthered. It is clear from Comfort's consolidated petition that it never disputed the accuracy of the narrative testimony which the judge desired to include in the report to the Appellate Division. An examination of the entire record shows that, had the evidence which should have been included actually been included, ample grounds justifying the judge's treatment of Comfort's requests for rulings of law are found.

---

[3] For the successor edition of the Civil Practice series here cited see J. Nolan, Civil Practice, §§ 951-964 (1975).

Although we affirm the action of the Appellate Division in dismissing Comfort's consolidated petition to establish reports, we feel that some parting comments on the action taken by the judge and the Appellate Division in this matter are necessary.

In the past we have cited the omission from a draft report of the statement regarding inclusion of all the material evidence as fatally defective to the petitioner's appeal.[4] Nevertheless, we view without enthusiasm the dismissal of a draft report for this reason alone. It is true that there hardly can be a sufficient excuse for not following the draft report model in the District Court rules, but the simple solution where oversight is involved and it is brought to the judge's attention is for the judge to instruct that the statement be inserted or to insert it on his own motion. See *Keeney* v. *Ciborowski*, 304 Mass. 371, 373-374 (1939); *Santosuosso* v. *DellaRusso*, 300 Mass. 247, 249-250 (1938); *Kelly* v. *Foley*, 284 Mass. 503, 509 (1933); Mottla, *supra* at § 1231; Nolan, *supra* note 3, at § 962. With such a practical approach, uniformly applied, the Appellate Division or this court will be free to assume that the omission of the statement from any report is intentional. The effect of the omission of the statement on appeal will then be clear and unavoidable. Cf. *Goodale* v. *Morrison*, 343 Mass. 607, 612 (1962); *Ginsburg* v. *Gross*, 334 Mass. 709 (1956); *Schnepel* v. *Kidd*, 332 Mass. 137, 138 (1954); *Realty Developing Co.* v. *Wakefield Ready-Mixed Concrete Co.*, 327 Mass. 535, 537 (1951); *Swistak* v. *Paradis*, 288 Mass. 377, 380 (1934); *Hall* v. *Smith*, 283 Mass. 166, 167 (1933); *Commonwealth* v. *McIntosh*, 259 Mass. 388, 391 (1927), and cases cited.

*Order denying petition to establish reports affirmed.*

[4] *Menton* v. *Melvin,* 330 Mass. 355, 357 (1953) (Wilkins, J., concurring in result). *Irving* v. *Bonjorno,* 327 Mass. 516, 518 (1951). *Cincevich* v. *Patronski,* 304 Mass. 679 (1939) (alternative holding). See *Sutherland* v. *McGee,* 329 Mass. 530, 532 (1952) (dicta); *E. A. Strout Realty Agency, Inc.* v. *Gargan,* 328 Mass. 524, 525 (1952); *Perry* v. *Hanover,* 314 Mass. 167, 169 (1943).