This certifies that this is the opinion of the Appellate Division in this cause.

Charles R. Jannino
Clerk, Appellate Division

**BAYBANK MIDDLESEX**
**v.**
**Richard J. MURDZA d/b/a/**
**TOWN & COUNTRY**
**HOME REMODELING**

**No. 8672**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**July 31, 1981**

Lawrence J. Crowley, Jr., Esq., counsel for plaintiff
Louis Jacobs, Esq., counsel for defendant

## OPINION

COWDREY, P.J. This is a petition to establish a draft report which was dismissed by the trial justice.

In electing to proceed by way of petition, the plaintiff has misconstrued his remedy and has thereby forfeited any right to appellate review. Pursuant to Dist./Mun. Cts. R. Civ. P. 64 (c) (6), the dismissal of the plaintiff's draft report could have been considered by this Division solely upon a report of said dismissal order. **Gallagher** v. **Atkins,** 305 Mass. 261, 263-264 (1940); **Dumas** v. **Griffin,** 53 Mass. App. Dec. 167, 171 (1974). As the plaintiff's draft report was dismissed rather than disallowed, there is presently no report on file in the trial court which could be established upon petition by this Division. **Comfort Air Systems** v. **Cacopardo,** 370 Mass. 255, 258 (1976); **Farrar** v. **Hupper,** 59 Mass. App. Dec. 91, 92 (1976).

In any event, we note by way of dictum that there was no apparent error in the trial court's dismissal of the plaintiff's draft report. Said draft challenged the trial court's denial of the plaintiff's motion for a real estate attachment. The trial court properly ruled that a "real estate attachment is discretionary with the court." General Laws c.223, s. 42 states that "all real and personal property ... **may** be ,attached. . ." (emphasis supplied). Similarly, Dist./Mun. Cts. R. Civ. P. 4.1(c) provides that an order for approval of an attachment **may** be entered only after notice and hearing and upon specified findings by the court. The permissive rather than mandatory terminology of the statute and rule establish that a motion for a real estate attachment does rest within the sound discretion of a trial justice. See J. Smith and H. Zobel, Rules Practice, s. 4.1.11, p. 107 (6 Mass. Practice Series (1974) ).

As there is no evidence in the plaintiff's draft report of an abuse of such discretion by the trial court, no question of law was presented thereby. A draft report which presents no issue of law for appellate review is properly dismissed.

**Petition denied.**

Elliott T. Cowdrey, P.J.