Robert A. ARCIERO and
John PONCE DELEON
vs.
EAGLE REALTY ASSOCIATES, INC.
and Samuel M. GERBER

No. 8724

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

August 20, 1982

Howard R. Perkins, Jr., Esq., counsel for plaintiff
Robert L. Marder, Esq., counsel for defendant

## OPINION

Cowdrey, P.J. This is a petition to establish the defendants' draft report.

The docket indicates that summary judgment pursuant to Dist./Mun. Cts. R. Civ. P. 56 was entered for the plaintiffs on June 26, 1981.

Eighteen days later, on July 14, 1981, defendant Samuel M. Gerber submitted a Dist./Mun. Cts. R. Civ. P. 64(c)(1)(i) request for additional time to file a request for a report. An actual request for a report and a draft report were attached to the defendants' motion for additional time. As grounds for said motion, the defendant asserted that "he neglected to file his request for draft report within the first 10 day period as specified by Rule 64(c)(1)(i) because he desired to consult with other counsel before reaching a decision . . . regarding appellate review." In an affidavit submitted in conjunction with the present petition to establish, the defendant stated that he was not only informed by his attorney that a Rule 64 appeal must be initiated within ten days of judgment; but was also warned that any request for additional time predicated upon an assertion of excusable neglect would be addressed solely to the discretion of the trial justice. The defendant nevertheless sought a second legal opinion as to the feasibility of appeal and, in so doing, exhausted the ten-day post judgment period for requesting a report.

The defendant's request for additional time was denied on July 23, 1981. The defendant filed the present petition to establish his draft report on July 27, 1981.

On August 4, 1981, the plaintiffs submitted a "Motion to Dismiss Defendants' Petition to Establish Report." As grounds therefor, the plaintiffs asserted that no action had been taken by the court relative to the defendant's request for a report. Fourteen days later, on August 18, 1981, the trial justice filed a document entitled "Court's Reason for Disallowing Request to Establish Draft Report." The court stated that in disallowing the request for additional time . . . the excusable neglect was not such as to allow for the requested additional time . . ."

1. We note at the outset that the defendant erred in electing to proceed herein by way of a petition to establish. The gravamen of the defendant's appeal is the trial court's denial of the defendants' request for additional time to file a request for a report and a draft report. To secure appellate consideration of the denial of such a request, or of any motion or requested ruling, the request and the court's disposition thereof should be made the subject of a report. A petition to establish as designated in Dist./Mun. Cts. R. Civ. P. 64(e) is procedurally appropriate only when a draft report has been disallowed or when the trial court's action upon the same is unduly delayed. A petition is utilized to obtain Appellate Division assistance in the settlement or establishment of a record or report at a procedural stage which is obviously preliminary to any substantive appellate review. A petition to establish cannot serve as the basis for

actual appellate review of alleged errors of law attending the trial court's disposition of a request or motion.

Second, the court's July 23, 1981 denial of the defendant's request for additional filing time logically entailed an implicit denial of the documents to be filed; namely, the defendant's attached request for a report and a draft report. The denial of a request for a report or a draft report is tantamount to a dismissal rather than a disallowance of the same. **Locke v. Slater,** Mass. App. Div. Adv. Sh. (1981) 218, 219; **Nonantum Lumber Co. v. DePamphilis,** Mass. App. Div. Adv. Sh. (1981) 126; **Hart v. Keoveney,** 80 Mass. App. Div. Rep. 59 (1980). It is axiomatic that the exclusive remedy for the dismissal of a draft report is to claim a report challenging the propriety of such dismissal order. **Zuckerman v. Aetna Life & Casualty Co.,** Mass. App. Div. Adv. Sh. (1981) 63, 64: **Lane v. Smith,** 57 Mass. App. Dec. 27, 28 (1975); **The Connecticut Bank & Trust Co. v. Phaneuf,** 37 Mass. App. Dec. 195, 198-199 (1967). A petition to establish cannot be employed to resurrect a draft report or a request for a report which has been denied or dismissed. **Baybank Middlesex v. Murdza,** Mass. App. Div. Adv. Sh. (1981) 157.

The trial court's subsequent characterization of its denial order as a "disallowance" of the defendant's request for a report does not alter the above result. Action taken upon a draft report must be construed by this Division in accordance with its true nature rather than its label, title or caption. **DeSimone v. Commonwealth,** Mass. App. Div. Adv. Sh. (1981) 79, 80; **Sacca v. Freedman,** 31 Mass. App. Dec. 150, 154 (1965). See also **DiPompo v. Ken Realty Trust,** Mass. App. Div. Adv. Sh. (1979) 294, 300. The appropriate disposition of a draft report on the basis of a procedural irregularity or defect is a dismissal of said report. **Overstreet v. Chambers,** 56 Mass. App. Dec. 145, 148 (1975); **Benway v. Tonneson,** 40 Mass. App. Dec. 5, 11, n.1 (1968). A draft report which is not timely

filed in accordance with Dist./Mun. Cts. R. Civ. P. 64(c) is properly dismissed rather than disallowed. See **Meola Construction Co. v. Ace Bldg. Supply Co.,** Mass. App. Div. Adv. Sh. (1978) 466, 467; **Microsonics, Inc. v. Comrex Corp.,** 39 Mass. App. Dec. 229, 233-234 (1968); **Wing v. Liziewski,** 59 Mass. App. Dec. 30, 34 (1976). Thus the order in question herein constituted a dismissal rather than a disallowance. Moreover, the defendant cannot be deemed to have been prejudiced by the trial court's incorrect characterization of its previous order as a disallowance. The defendant filed the present petition to establish twenty-seven days before the court's August 18, 1981 issuance of its "disallowance" statement; and thus the defendant could not have relief to his detriment on such statement in improperly filing a petition rather than a draft report to challenge the court's denial of his request for additional filing time.

In short, the defendant has misconstrued his remedy herein. The defendant's petition to establish must, therefore, be denied.

2. In any event, the trial court's denial of the defendant's request for additional time to file a request for a report and a draft report did not constitute an error of law. Rule 64(c)(1)(i) of the Dist./Mun. Cts. R. Civ. P. provides that:

"requests for reports shall be filed with the clerk of the trial court within 10 days after entry of judgment. Upon a showing of excusable neglect, the trial court **may extend** the time for filing a request for report by any party for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule (emphasis supplied)."

As is apparent from the underscored terminology, a request for additional time to file a request for a report pursuant to this section of Rule 64 is addressed solely to the discretion of the trial justice. **Ahern v. Towle,** 310 Mass. 695, 699 (1942); **Whitney v. Medeiros,** 56 Mass. App. Dec.

112, 116 (1975); **Hill v. Lynn-Sign Moulded Plastic Co.,** 22 Mass. App. Dec. 69, 71-72 (1961). We discern no abuse of discretion herein.

The defendant has advanced no compelling justification for his delay in seeking a report to this Division. This is not a situation wherein a party has been prejudiced by the neglect or laxity of his attorney. See, e.g. **Rousell v. Kapsaliaros,** 35 Mass. App. Dec. 139, 141-142 (1966); **Harold L. Baker v. Meladones,** 33 Mass. App. Dec. 41, 43 (1965). On the contrary, the defendant made an informed though fatal decision in direct opposition to the advice of counsel to disregard the time strictures governing an appeal to this Division. Although provisions for the extension of procedural time periods upon a showing of excusable neglect are to be liberally construed, **Giacobbe v. First Coolidge Corp.,** 367 Mass. 309, 315-316 (1975), we do not find that the trial court's denial of the defendant's request herein constituted action which "no conscientious judge, acting intelligently, could honestly have taken." **Bartley v. Phillips,** 317 Mass. 35, 43 (1944).

**Petition Denied.**

Elliott T. Cowdrey, P.J.
John P. Forte, J.
H. Lawrence Jodrey, J.