**J. Thomas MARQUIS**
vs.
**Edward A. GALASTI and Josephine GALASTI**

**No. 8732**

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

**September 8, 1982**

Edward A. Gottlieb, Esq., counsel for plaintiff

Walter E. Palmer, Esq., counsel for defendant

## OPINION

Cowdrey, P.J. This is a petition to establish the defendants' draft report which was disallowed, without explanation, by the trial justice.

Judgment in the sum of $6,390.00 was entered for the plaintiff, on his complaint for a real estate broker's commission, on May 7, 1981. The defendants thereafter sought an extension of time to file a draft report. The defendants' motion for such extension was denied on May 20, 1981. The defendants did not in fact submit the instant draft report until May 27, 1981.

The trial justice disallowed the defendants' draft report on July 22, 1981. No statement of reasons for such disallowance accompanied this order.

1. Rule 64(c)(5) of the Dist./Mun. Cts. R. Civ. P. clearly and unequivocally mandates that a trial justice "shall set forth in writing succinctly the facts and reasons" for his disallowance of a draft report. **Paterson v. Ciborowski,** 277 Mass. 260, 264-266 (1931). We can hypothesize no set of circumstances which would justify or explain a failure to comply with this simple procedural requirement. Having heard all the evidence and rendered a judgment thereon, the trial justice is in the best position to determine if a draft report constitutes an accurate and complete recital of all evidence material to appellate issues. Indeed, it is the trial justice's duty to so review a proposed report. **Sechrest v. Safiol,** 80 Mass. App. Div. Rep. 133, 135 (1980). It must be inferred from an order of disallowance that the trial justice has found the contents of a draft report to be in some manner incomplete or untrue. This Division should not be asked to, and cannot properly, engage in guesswork and speculation as to what the trial justice had in mind when issuing an order of disallowance. The unnecessary time, energy and expense often expended upon a petition to establish in rehearing testimony or attempting to otherwise reconstruct a trial court record, see **Langone v. Hayden,** Mass. App. Div. Adv. Sh. (1978) 70, 73, could be wholly eliminated if the grounds for a disallowance of a draft report were clearly set forth in writing as required by Rule 64.

2. It is however, unnecessary either to return this case to the trial justice for a statement of his reasons for disallowing the defendants' draft report or to undertake any other measures to settle a report in this matter. The docket reveals that the defendants forfeited any right to appellate review by failing to comply with the ten-day time requirement prescribed by Dist./Mun. Cts. R. Civ. P. 64(c)(1)(ii) for filing a draft report. **Microsonics, Inc. v. Comrex Corp.,** 39 Mass. App. Dec. 229, 233-234 (1968). Judgment was entered herein on May 7, 1981, and the defendants did not submit their draft report until May 27, 1981, a full twenty days later. The defendants have raised no issue before this Division concerning the denial of their motion for additional time to submit a draft report. The disposition of such a motion rested, in any event, within the sound discretion of the trial justice. **Ahern v. Towle,** 310 Mass. 695, 699 (1942); **Whitney v. Medeiros,** 56 Mass. App. Dec. 112, 116 (1975). As the defendants' draft report was not seasonably filed in accordance with Rule 64(c)(1)(ii), the present petition to establish said draft report must be denied. **Meola Construction Co. v. Ace Bldg.**

**Supply Co.**, Mass. App. Div. Adv. Sh. (1978) 466, 467.

**Petition Denied.**

Elliott T. Cowdrey, P.J.
James B. Tiffany, J.
Richard L. Banks, J.

This certifies that this is the opinion of the Appellate Division in this cause.

Suzanne Hurley
**Clerk, Appellate Division.**