This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**

**KAPS, INC.**
**vs.**
**Norman S. SHERMAN**

**No. 8758**

U.S. District Court
Appellate Division/Northern District
Trial Court of the
Commonwealth of Massachusetts

**February 10, 1983**

**William C. Pucciarelli, Esq.,** counsel for Plaintiff.
**Norman F. Sherman, Pro Se,** counsel for Defendant.

## OPINION

**Cowdrey, P.J.** This is a petition to establish a draft report filed by the defendant to challenge the propriety of the denial of his Motion for a Stay of Execution of Judgment.

The docket indicates that judgment, per Judge Williams, was entered on August 27, 1981 in the sum of $2,416.11 plus costs for the plaintiff on his claim for the value of goods sold and delivered to the defendant.

On September 23, 1981 the defendant filed a Motion for a Stay of Execution. A memorandum of decision, per Judge Basile, denying the defendant's motion, was issued on January 5, 1982. The defendant did not submit a draft report, however, until February 18, 1982.

Pursuant to a memorandum entered on March 18, 1982 by Judge Basile, the defendant's draft report was disallowed on the following grounds:

"1. The report contains extraneous matter not relevant to the issues surrounding any denial of defendant's motion.

"2. The report makes reference to alleged rulings by Judge Williams which are not supported by affidavit attached to the motion for stay of execution, and are irrelevant to the issues raised by my ruling in denying the defendant's motion.

"3. The draft report recites a litany of events, but makes no reference that the motion to stay execution did not contain any affidavit reciting any facts to support the motion.

"4. The draft report contains arguments which are not appropriate in a draft report.

"5. The draft report is unnecessarily prolix, fails to recite the facts surrounding the hearing of the draft report, and contains confusing statements and material.

"6. The report fails to state that the report contains all of the material necessary to present the questions for review by the appellate division."

The memorandum of disallowance also states that a hearing was held on the draft report at issue; that the defendant was advised both during such hearing and in a subsequent letter that an order of disallowance would be entered unless the draft were revised; and that the defendant's revised draft was merely similar to the draft initially filed.

1. The defendant has failed to comply in both form and substance with the procedural rules governing an appeal to this Division. Accordingly, his petition to establish must be denied.

2. Rule 64(c)(1)(ii) of the Dist./Mun. Cts. R. Civ. P. prescribes a ten-day post-judgment filing period for draft reports. The defendant's draft report now sought to be established upon petition was submitted, however, forty-four (44) days after judgment was entered and subsequent to the issuance of execution. A petition to establish an untimely draft report must be denied. **Marquis v. Galasti,** 1982 Mass. App. Div. 218, 219; **DiPompo v. Ken Realty Trust,** Mass. App. Div. Adv. Sh. (1979) 294, 296; **Meola Construc. Co. v. Ace Bldg. Supply Co.,** Mass. App. Div. Adv. Sh. (1978) 466, 467. We view a non-compliance with the time strictures governing the claim and prosecution of an appeal to this Division to be a "serious (procedural) misstep not a relatively innocuous one." **Cape Cod Bk. & Tr. Co. v. LeTendre,** Mass. Adv. Sh. (1981) 2055, 2057; **Vyskocil v. Vyskocil,** 376 Mass. 137, 140 (1978); **New England Merchants Bank v.**

**McPherson,** 58 Mass. App. Dec. 106, 110 (1976).

3. As was noted in the court's order of disallowance, the defendants' draft report omits the necessary statement that it contains all evidence pertinent to the question reported. The absence of this explicit assurance of a draft report's content permits an inference that the report in question is fatally incomplete. **Comfort Air Systems v. Cacopardo,** 370 Mass. 255, 259 (1976); **Chavoor v. Lewis,** 1980 Mass. App. Div. 123.

More than an inference, however, is operative here. Even a cursory inspection of the defendant's proposed report reveals the defendant's failure to discharge his duty, as appellant, to insure that the draft report at issue constituted an accurate and complete recital of all evidence material to appellate issues. **Altshuler v. Field,** 336 Mass. 756, 761-762 (1958); **Keeney v. Ciborowski,** 304 Mass. 371, 374 (1939); **Megizsky v. Salen,** 40 Mass. App. Dec. 38, 40 (1968). Rule 64(c)(2) mandates the inclusion in a draft report of "the rulings upon which the party seeking the report . . . now asks for a review by the appellate division . . ." In disregard of this procedural tenet, the defendant has neglected to include in his draft report the memorandum of decision issued by the trial court in its denial of the defendant's motion for a stay. An examination of this memorandum is essential to our full understanding of the denial of the defendant's motion; an inclusion in the draft report of the memorandum was a logical prerequisite to any complete and accurate review thereof. We cannot review, however, what is not presented to us. **Fiorino v. Worcester Polytechnic Inst.,** 1981 Mass. App. Div. 47, 48; **Black v. Haar,** 1982 Mass. App. Div. 152, 152-153.

Thus as the defendant's draft report is critically deficient in content, the petition at bar to establish this draft report must be denied. **Meyer v. Hooker,** 51 Mass. App. Dec. 142, 146-147 (1973).

4. Conversely, "evidence, pleadings or other documents which are not material

to the questions raised should not be permitted needlessly to encumber and complicate the report." **Schraeder v. Assembled Homes, Inc.,** 28 Mass. App. Dec. 195, 196-197 (1964). See also **Dillon v. Framingham,** 288 Mass. 511, 513 (1934); **Lechiara v. Amato,** 1980 Mass. App. Div. 117, 118; **Giannino v. Lynnfield,** Mass. App. Div. Adv. Sh. (1979) 473, 476. We concur with the trial judge's assessment of the defendant's draft report as needlessly prolix and as confusing in its recital of extraneous material. The major portion of the defendant's draft is devoted to argumentative assertions of trial court evidentiary error; to seemingly irrelevant excursions into federal law; and to an inventory, in narrative form, of the defendant's unsuccessful encounters with the trial court clerk relative to the defendant's somewhat unorthodox efforts to secure interlocutory relief in both the District Court Department and other judicial forums.

So little can be clearly gleaned from the defendant's draft report as to the objective nature and substance of the lower district court proceedings that it would necessitate an almost total revision before anything resembling a satisfactory and utilitarian vehicle for the presentation of legal issues for appellate review could be produced. We are neither obligated nor inclined to shoulder the defendant's responsibility for this appeal by engaging in such an onerous endeavor. See generally, **Vernon A. Martin, Inc. v. Glidden,** 1980 Mass. App. Div. 210, 212; **Sea Street Auto Body, Inc. v. Mullis,** 55 Mass. App. Dec. 142, 145 (1974).

Petition Denied.

Elliott T. Cowdrey, P.J.
John P. Forte, J.
James B. Tiffany, J.