Cowdrey, P.J.
This is a petition to establish the defendants’ draft report. Any comprehension of the confused and unduly protracted post-judgment development of this case requires an examination of the following chronology:
1. February 18, 1982 - Trial. No requests for rulings of law submitted by the defendants.
2. February 23, 1982 - Judgment for plaintiff in the sum of $88,250.00 on complaint for balance due on promissory note executed by the defendants.
3. March 8, 1982 - Defendants’ Request for a Draft Report and Defendants’ Motion to Extend Time For Filing Draft Report.
4. April 8, 1982 - Defendants’ Motion To Extend Denied.
5. April 14, 1982 - Defendants’ Request for a Report on the Denial of their Motion to Extend.
6. April 20, 1982 - Defendants’ Draft Report on Denial of their Motion to Extend.
7. May 5, 1982 - Defendants’ Motion to Stay Execution and Order its Return filed.
8. May 13,1982 - Motion for Stay Denied. Defendants’ April 14th Request for a Report Denied.
9. May 19, 1982 - Defendants’ Request for a Report on Denial of Motion to Stay and on Denial of Request for Report.
10. May 19, 1982 - Defendants’ Request for Statement of Reasons by trial judge.
11. May 21, 1982 - Petition to Establish Draft Report filed by Defendants.
The defendants’ petition to establish narrates the above chronological development of this case in its entirety, and concludes with the observation that the trial court has taken no action on eitherthe defendants’ May 19,1982 (a) request for a report on the denial of their Motion to Stay and the denial of their Request for a Report; or (b) request for a statement of the court’s reasons for its May 13, 1982 denial of the defendants’ April 14, 1982 request for a report.
1. The defendants’ May 19, 1982 request for a report on the denial of their motion to Stay Execution is not before this Division by virtue of the defendants’ present petition. A petition to establish may be properly and exclusively invoked to remedy either a disallowance of a draft report or trial court inaction for a *57 period of ninety days on a draft report. Arciero v. Eagle Realty Associates, Inc., 1982 Mass. App. Div. 203, 204. The defendants’ submission of a petition to establish on May 21, 1982 thus could in no way have effectively addressed their request for a report filed only two days earlier which had not been disallowed by the trial court.
2. Contrary to the contentions of the defendants, their present petition places before this Division for consideration only the draft report attached to the petition and thereby sought to be established. The draft report annexed to the defendants’ petition challenges the trial court's April 8, 1982 denial of the defendants’ March 8, 1982 Motion to Extend Time. The draft report is thus obviously the draft submitted by the defendants on April 20,1982, the request for which was denied by the court on May 13, 1982.
We note initially that the defendants are not entitled to the statement sought on May 19, 1982 of the court’s reasons for its denial order of May 13, 1982. The denial of a request for a report and a draft report is tantamount to a dismissal of the same. Nonantum Lumber Co. v. DePamphilis, 1981 Mass. App. Div. 126; Hart v. Keoveny, 1980 Mass. App. Div. 59. Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c)(5), a trial justice is required to issue a written statement of his or her reasons for the disallowance but not for the dismissal of a draft report.[2] The defendants’ draft report was dismissed and such dismissal order, therefore, required no subsidiary explanation by the trial justice.
As the defendants’ draft report was dismissed rather than disallowed, there is presently no draft report on file in the trial court that can be established upon this petition or otherwise by the Appellate Division. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976); Farrar v. Hupper, 59 Mass. App. Dec. 91, 92 (1976). It taxes the patience of this Division to be required to reiterate the elementary rule that the proper procedural remedy for the dismissal of a draft report is a report challenging said dismissal and not a petition to establish. Little v. Heimlich, 1980 Mass. App. Div. 122 and cases cited.
Third, a petition to establish an untimely draft report must be denied. Marquis v. Galasti, 1982 Mass. App. Div. 218, 219; DiPompo v. Ken Realty Trust, Mass. App. Div. Adv. Sh. (1979) 294, 298-299; Meola Construc. Co. v. Ace Bldg. Supply Co., Mass. App. Div. Adv. Sh. (1978) 466, 467. The draft report attached to the defendants’ petition charges error in the court’s April 8, 1982 denial of the defendants’ Motion to Extend. The draft report was not submitted, however, until April 20. 1982. It is thus evident that the defendants failed to act within the ten day filing limits of Dist./Mun. Cts. R. Civ. P., Rule 64(c)(1)(ii). See Hi Lo Trailer Co. v. Wright, 1980 Mass. App. Div. 188, 190.
The defendants’ petition must also be denied on the grounds that the draft report which is the subject thereof presents no legal question requiring substantive appellate review. Carlsberg Printers, Inc. v. Shields, 56 Mass. App. Dec. 131, 132 (1975); Plante v. Caldas, 52 Mass. App. Dec. 127, 131 (1973). The defendants claim to be aggrieved in said draft report by the court’s denial of their March 8, 1982 Motion to Extend Time to File a Draft Report. A motion for such an extension is addressed to the discretion of the trial justice. Ahern v. Towle, 310 Mass. 695, 699 (1942); Marquis v. Galasti, supra at 219. The draft report advanced by the defendants present no evidence or even suggestion of an abuse of that discretion requiring redress by this Division. First, the defendants’ motion to extend is neither attached to, nor summarized in, the draft report in question. The draft thus fails to include all evidence necessary for complete and adequate *58 appellate review, and is thus fatally defective. Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121. Second, it is clear from the draft report that the defendants have forfeited all rights to any appellate review. The defendants’ motion for an extension sought additional time to file a draft report which would have charged error in the trial court’s exclusion of certain evidence offered by the defendants, and in the trial court’s assessment and award of attorney’s fees to the plaintiff. The defendants failed, however, to reduce their evidentiary objections to writing and to file the same with the clerk within five days after the hearing of all the evidence in compliance with Dist./Mun. Cts. R. Civ. P., Rule 64(a). Such disregard of this procedural rule constituted a waiver by the defendants of any error in the trial court’s evidentiary rulings. Gordon v. Sales, 337 Mass. 35, 37 (1958); New England Rehab. Hospital, Inc. v. Horgan, 1980 Mass. App. Div. 115, 116 and cases cited. Similarly, the defendants neglected to file requests for rulings of law at the conclusion of trial in accordance with Rule 64(b). In so doing, the defendants failed to raise, and to preserve for review, any issue as to the sufficiency of the evidence to sustain an award of attorney’s fees by the trial court. Sechrest v. Safiol, 1980 Mass. App. Div. 133, 137.
The defendants thus clearly relinquished all rights to appellate review by inaction at the trial stage. The trial court cannot then be charged logically with an abuse of discretion in refusing the defendants’ request for additional time to seek the appellate review they had already waived.
3.In summary, the defendants’ petition attempts to establish a draft report which was filed late, which is deficient in content, and which raises no question for appellate consideration. The petition itself is improper, as the draft report at issue was denied rather than disallowed.
Accordingly, the defendants’ petition to establish is denied.

 Although not prescribed by statute or rule, a voluntary trial court statement of the reasons for draft report dismissal would be of tremendous assistance to this Division and would thus be welcome.