Cowdrey, P.J.
This is a petition to establish the defendant’s draft report.
The docket indicates that the defendant filed, fourteen (14) days after judgment, both a draft report and a motion to extend the time to file a request for report and draft report. The trial court denied the defendant’s motion to extend, and the defendant thereafter simply filed the instant petition to establish.
1. The procedural defects inherent in the defendant’s attempt to secure a report to this Division are governed in part by our decision in Arciero v. Eagle Realty Assoc., Inc., 1982 Mass. App. Div. 203, and by a legion of Appellate Division cases which have delineated the distinction between a dismissal and a disallowance of a draft report. See Little v. Heimlich, 1980 Mass. App. Div. 122. In proceeding herein by way of petition to establish, the defendant has fatally misconstrued his appellate remedy.
The trial court’s denial of the defendant’s motion to extend the Dist./Mun. Cts. R. Civ. P. Rule 64(c)(1) (ii) ten day draft report filing time logically entailed an implicit denial of the document to be filed; namely, the defendant’s draft report. Arciero v. Eagle Realty Assoc., Inc., supra at 204. The denial of a draft report is tantamount to the dismissal, not the disallowance, of such draft report. New England Rehab. Hosp., Inc. v. Horgan, 1980 Mass. App. Div. 115; *99 Lowe v. Brownville, 56 Mass. App. Dec. 155, 157 (1975). It is an elementary tenet of Appellate Division procedure that the exclusive remedy for the dismissal of a draft report is a request for a report and draft report which challenge the propriety of such dismissal order. Comfort Air Systems v. Cacopardo, 370 Mass. 255, 258 (1976); Traver v. Davidson, 1983 Mass. App. Div. 106; Baybank Middlesex v. Murdza, 1981 Mass. App. Div. 157; Farrar v. Hupper, 59 Mass. App. Dec. 91, 92 (1976); Smith v. Eastern Art Craft Corp, 53 Mass. App. Dec. 174, 177-179 (1974).
A petition to establish is properly filed only when a draft report has been disallowed, Lane v. Smith, 57 Mass. App. Dec. 27, 28 (1975); Meyer v. Hooker, 51 Mass. App. Dec. 142 (1973), or when trial court action upon such draft is unduly delayed. Pitochelli v. Champy, 1982 Mass. App. Div. 276. Neither of these grounds for a petition existed in the instant case. Moreover, as the defendant’s draft report herein was dismissed, no draft report remained in the files of the trial court to be established upon petition or otherwise. Comfort Air Systems v. Cacopardo, supra at 258; Calcagno v. P.H. Graham & Sons, Co., 313 Mass. 364, 366-367 (1963). Finally, a petition to establish an untimely draft report must be denied. Canty v. Canty, 1983 Mass. App. Div. 171, 172; Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24 and cases cited. As the defendant submitted his draft report four days after the expiration of the filing time prescribed in Rule 64(c)(1)(h), said draft could not be established by this Division.
2. As noted above, the dismissal of the defendant’s draft report herein was entered in the form of a denial of the defendant’s motion to extend the draft report filing period. Such a motion to extend is addressed solely to the discretion of the trial j ustice. Marquis v. Galasti, 1982 Mass. App. Div. 218, 219. An exercise of judicial discretion is not ordinarily reviewable on appeal, see Luke v. Petrosino, 1981 Mass. App. Div. 128; Deely v. Boston Redevelop. Auth., 1980 Mass. App. Div. 101, 104, and any challenge to the same must be brought to this Division by means of a report of an alleged abuse of discretion amounting to an error of law.[2] The defendant failed to request such a report on the denial of his extension motion and has thus forfeited any right to appellate consideration thereof.
3. The defendant has improperly sought to establish upon petition a draft report which was untimely filed and which was dismissed, rather than disallowed, by the trial justice. Accordingly, the defendant’s petition to establish is denied.

Dist./Mun. Cts. R. Civ. P. Rule 64(c)( 1 )(ii) permits a trial justice to extend the time for filing a draft report “upon a showing of excusable neglect.” The discretionary disposition of such a motion must stand unless such disposition constituted action “which no conscientious judge, acting intelligently, could honestly have taken.” There was no suggestion of such an abuse of discretion herein.