Forte, J.
This action was entered in the Lawrence Division of the District Court Department on October 14, 1982. Pursuant to G.L. c.218, § 19B, the defendant claimed a trial by jury of six in the Haverhill Division.
On June 13,1983, both parties filed a waiver of a jury trial. On October 14, the plaintiffs motion for summary judgment was granted by the Haverhill Division, but later reversed by the Appeals Court.[1]
Thereafter a jury-waived trial was conducted in the Haverhill Division resulting in a finding for the plaintiff.
After the defendant’s post-trial motions were denied, the defendant filed a draft report alleging to be aggrieved by the denial of nine of her requests for rulings. According to the docket, the trial justice “disallowed” the draft report. On examination of the document filed by the judge, the court dismissed the report with the reason that an appeal to this appellate division was not the appropriate remedy, the appeal should be to the Appeals Court. Thereafter, the defendant filed a petition to establish a report, which is now before us.
Our first inquiry is whether the Appellate Division has jurisdiction after an Essex Division entry is transferred to the Haverhill Division pursuant to G.L.c. 218, § 19B and thereafter is tried jury-waived in the Haverhill Division. This requires an examination of G.L.c. 218, § 19B.[2]
*64 G.L.c. 218, § 19B sets out a procedure for trial by a jury of six in Essex County and is “clearly designed to relieve congestion in the Superior Court.” Nalbandian v. Patrizzi, 369 Mass. 477, 481 (1976). It is not authority for the change of venue from any Essex County division to the Haverhill Division. G.L.c. 218, § 9 is the sole statutory authority for transfer of civil cases between divisions.
It should be noted that G.L.c. 218, § 19B changes the normal appeal of law questions in civil actions tried in the District Courts from the Appellate Division to the Appeals Court only “(I~)n the event of a trial by jury in the central district court of Northern Essex[3],...” (emphasis supplied).
Unlike G.L.c. 218, § 27 governing criminal trials before a six person jury[4], G.L.c. 218, § 19B makes no provision for jury-waived trials. G.L.c. 218, § 19B specifies only the procedure to be followed in that “trials by such jury of six ... shall proceed in accordance with provision of law applicable to trials by jury in the Superior Court...” (emphasis supplied). G.L.c. 218, § 27, the criminal six person jury statute, gives the trialjudge “all the powers and duties of a justice sitting in the Superior Court...” which includes hearing a trial jury-waived.
We conclude that appeals on questions of law from jury-waived trials in the District Courts, after transfer pursuant to G.L.c. 218, § 19B, are to the Appellate Division and not to the Appeals Court.
Our second inquiry is whether after the jury-waiver was filed, was the jury-waived trial in the Haverhill Division valid. This was a suit against an alleged guarantor for the debts of the prinicipal, a subject matter over which the District Courts have jurisdiction. G.L.c. 218, § 19. In which division the trial should take place is a question of venue. If the issue had been raised prior to trial, the action would have been returned to the primary division. See Araban Coffee Co. Inc. v. Restaurants Associates, Inc. 339 Mass. 359 (1959). Iftheissue is not raised, the issue of venue is waived. Dist./Mun. Cts. R. Civ. P., Rules 12(b) (3), 12(g), 12(h); G.L.c. 218, § 2. In the instant case, neither party raised the issue of venue (nor did the court sua sponte). Therefore, the Haverhill Division could try and dispose of the case. G.L.c. 218, § 2 A.
Our third inquiry relates to the petition to establish a report. When a draft report is dismissed because of a matter of law, the proper method of appeal to the Appellate Division is by a report of the dismissal. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255 (1976); Dis./Mun. Cts. R. Civ. P., Rule 64(c) (6). If the draft report is disallowed for reasons other than law, the proper remedy is to petition the Appellate Division for establishment of a report. Comfort Air Systems, Inc. v. Cacopardo, supra; Lane v. Smith, 57 Mass. App. Dec. 27, 28 (1975); Dist./Mun. Cts. R. Civ. P., Rule 64(e). If the trial judge’s action is given a jnisnomer (here the docket entry was a misnomer), the Appellate Division must look at the substance of the ruling. Kelleher v. Thompson, 1978 Mass. App. Div. Adv. Sh. 113. In the case before us, the trialjudge dismissed the draft report on a matter of law ruling the appeal to the Appellate Division was not the proper remedy. The defendant should have filed a draft report on this ruling and a petition to establish the report was improper. Therefore, the petition to establish is dismissed.
If we were to examine the nine requests for rulings (#3,5,7,9,11,13,15,17 and 19) denied by the trialjudge, we would find no error because each was a *65 mixture oí rulings of law and findings of fact. Liberatore v. Framingham, 315 Mass. 538, 543 (1944); DiLorenzo v. Atlantic National Bank of Boston, 278 Mass. 321, 324-325 (1932).
The petition to establish a report is dismissed.

 On inquiry of Appeals Court docket #84-976: the fact a jury waiver had been filed by both parties was not addressed by the parties’ briefs nor dealt with in the Appeals Court opinion. On inquiry of the Haverhill Division: this was the only appeal from that court to the Appeals Court of a jury-waived case after transfer for a six-person jury trial.

 G.L.c. 218,8 19B: “After the entry of a civil action in any district court in the county of Essex, any party may, within the time provided or allowed for the filing of an answer, claim a trial by a j ury of six. Trials by such juries of six shall be held in the central district court of northern Essex, at Haverhill, and shall proceed in accordance with the provisions of law applicable to trials by jury in the superior court, except that each party shall be entitled to two peremptory challenges. Jurors shall be drawn from the pool of jurors available for the jury sessions in civil cases in the superior court for Essex county, sitting at Lawrence. The administrative justice of the district courts shall arrange for such jury sessions in the central district court of northern Essex at a time coterminous with civil jury sessions held in the superior court for Essex county, sitting at Lawrence, and assign justices thereto, to the end that there may be a speedy disposition of cases tried byjuries of six in the central district court of northern Essex. Upon the filing of a claim, by either party to a civil action for trial by j ury of six, in any district court of Essex county, the clerk of such court shall forthwith forward all papers filed in said case to the clerk’s office of the central district court of northern Essex.
“In the event of a trial by jury in the central district court of northern Essex, review may be had directly by the appeals court pursuant to the Massachusetts Rules of Appellate Procedure. If any party claims a trial by a jury of six, any other party shall have seven days within which to refuse to agree to such trial, and in case of such written refusal filed with the clerk, the party claiming such trial byjury of six may within six days thereafter remove the case for trial before the superior court with or without jury. If any party refuses to agree to a trial by a jury of six and the case is not removed to the superior court under the provisions of this section or section one hundred and four to one hundred and seven, inclusive, of chapter two h undred and thirty-one, the trial shall be in the district court without j ury. At any time prior to trial the parties by agreement may have a trial by a j ury of six.”

 The Haverhill Division

 G.L.c. 218,8 27(g) “... The defendant may elect to waive a jury of six in the manner provided by section six of chápter two hundred and sixty-three.”