Forte, J.
This is a petition to establish the defendant’s draft report which was dismissed by the trial justice.
It is well established that a dismissal of a draft report can be reviewed and remedied solely upon a report of the dismissal order to this Division. Dist./Mun. Cts. R. Civ. P., Rule 64(c) (6); Federal Deposit Ins. Corp. v. Daniel, 1984 Mass. App. Div. 98; Little v. Heimlich, 1980 Mass. App. Div. 122. The defendant’s petition to establish would have been procedurally appropriate only if the defendant’s draft report had been “disallowed” rather than dismissed. Dist./Mun. Cts. R. Civ. P., Rule 64(e). In proceeding by way of a petition to establish, the defendant has misconstrued his remedy and thereby waived appellate consideration of the court’s dismissal of its draft report. See, e.g., Arciero v. Eagle Realty Assoc., 1982 Mass. App. Div. 203, 204. The reason is that in consequence of the court’s draft report dismissal, there is now no viable draft report on file in the trial court which could be established by this Division upon petition. Comfort Air Systems v. Cacopardo, 370 Mass. 255, 258 (1976); Onessimo v. Carvelli, 1983 Mass. App. Div. 56, 57.
The defendant’s erroneous election to file a petition to establish cannot be corrected, as the defendant suggests,[1] simply by amending the caption on the petition to designate the document as a draft report. There are fundamental differences in scope and function between a draft report, which is atrial court record, and a petition to establish, which is a verified request to settle the form and content of a trial court record. See, e.g., Patrick v. Opert, 1987 Mass. App. *168 Div. 213. The trial court’s dismissal of the defendant’s draft report constituted a legal ruling that the defendant failed to comply with the governing provisions of Dist./Mun. Cts. R. Civ. P., Rule 64 in seeking an appeal. Randazzo v. O’Brien, 1984 220, 223. Appellate consideration of the propriety of this dismissal order logically requires a presentation of this issue in the context of a report which discloses the relevant procedural circumstances surrounding the court’s order. A petition to establish pertains only to the content and sufficiency of a trial court record; a petition does not constitute the record itself and cannot serve as the basis for appellate review of an alleged error of law. Arciero v. Eagle Realty Assoc., Inc., at 204. We note in this regard that the defendant’s petition to establish does not even address the issue of the validity of the court’s dismissal order.
In any event, a review of the docket entries indicates that the defendant forfeited any right to appellate review by failing to comply with the ten daj filing requirements of Dist./Mun. Cts. R. Civ. P., Rule 64(c) (l)(iii). Judgment was entered on February 1,1988 and the defendant seasonably filed a motion for anew trial. This motion was denied on May 17,1988. The defendant did not, however, file a draft report until May 31,1988. As the defendant’s draft report was untimely, it was properly dismissed by the trial court. Locke v. Slater, 387 Mass. App. Div. 11, 12. A petition to establish an untimely draft report must be denied. Calcagno v. P.H. Graham & Sons Co., 313 Mass. 364, 367 (1943); Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25; Marquis v. Galasti, 1982 Mass. App. Div. 218, 219.
Accordingly, the defendant’s petition to establish a draft report is denied.

The defendant’s “Motion to Amend Caption Nunc Pro Tunc” submitted at oral arguments before this Division is denied.