McGill, J.
The issue presented by the report to this court is whether the Chief Justice of the Boston Municipal Court, who was not the trial judge, may grant an extension of time to file a draft report pursuant to Rule 64(c) (1) (ii) of the District/Municipal Courts Rules of Civil Procedure [hereinafter “Rule”]. The trial judge dismissed the plaintiffs’ draft report on the ground that only the actual trial justice may grant an extension pursuant to that rule. We disagree for the reasons that follow, and remand the case for consideration of the original draft report.
Judgment was entered on March 18,1992 in the Boston Municipal Court for the defendants in this action in tort for negligence. On April 3, 1992, plaintiffs filed a motion to extend the time for requesting a report and for filing a draft report. On the same day, the motion was presented to the Chief Justice of the Boston Municipal Court, who was not the trial justice. He ruled as follows:
Plaintiff s Motion to ExtendTimeforFilingDraftReportfiled and allowed. Plaintiff has until April 16,1992 to file Draft Report.
The plaintiffs filed their draft report on April 16,1992. On April 28,1992, the trial justice dismissed the draft report on the ground stated above.
Rule 64 (c) (1) (ii) governs a request for extending the time period for filing a draft report. The relevant portions of that rale are as follows:
.... Upon a showing of excusable neglect, the trial court may extend the time for filing draft reports by any party for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rale has expired.... The court may for good cause shown, upon the filing of a motion therefor within the time otherwise prescribed for the filing of the draft report, extend the time for filing the draft report for a reasonable time.
Rule 64(c)(1) (ii) (emphasis added). The specific term “trial court” as used in this particular section of the rule must be read and interpreted in conjunction with the rest of the provisions of Rule 64.
The various provisions of Rule 64(c) make clear and definite distinctions between those functions that may be performed exclusively by the trial justice and those functions over which authority is shared with other justices assigned to the trial court. Authority over procedures governing ministerial actions of filing draft reports is *37 shared concurrently with other trial court justices, while authority over matters such as specific rulings at the trial level and authority to rule on the substance of draft reports is given exclusively to the actual trial justice. Compare Rule 64(c) (1) (i) (trial court mav extend time for filing a request for report); and Rule 64(c) (1) (ii) (trial court may extend time for filing draft reports for a reasonable period of time); with Rule 64(b) (“decisions of the trial justice... shall be in writing and shall be included in the reportas allowed or established”); Rule 64(c) (2) (written decisions and findings of fact by the trial justice shall be included in all draft reports); Rule 64(c) (3) (written copy of request for draft report shall be furnished to the trial justice); Rule 64 (c) (4) (the justice shall settle or disallow the draft report); and Rule 64 (c) (5) (trial justice to hear all motions after request to establish a draft report is allowed).[3]
The Rule makes reasonable distinctions between the authority of the “trial court” and the authority of the “trial justice.” The Rule was followed when the Chief Justice of the Boston Municipal Court allowed the plaintiffs’ motion to extend the time to file the draft report under Rule 64(c) (1) (ii).
Defendant has raised the additional issue that the action of the trial justice was proper in any event because the trial court had no right to extend the time for filing the draft reportbeyond a period of twenty days from the entry of judgment.[4] Judgment was entered on March 18, plaintiffs filed their motion on April 3, and the court extended the time to April 16. The draft report was filed on April 16.
Rule 64 (c) (1) (ii) requires that the draft report befiled within 10 days from the entry of judgment, but allows the trial court to extend that time in case of excusable neglect “for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule.” Because the original ten-day period would have expired on a Saturday, plaintiffs actually had until March 30 to file and the trial court had authority to extend the period for another 10 days to April 9. However, the Rule has another provision, which allowed the court to extend the filing date to April 16:
The court may for good cause shown, upon the filing of a motion therefor within the time otherwise prescribed for the filing of the draft report, extend the time for filing the draft report for a reasonable time.
Id. While there is some question whether the “time otherwise prescribed for filing the draft report” is the original ten-day period or the twenty-day period, we hold that it must refer to the twenty-day period. Otherwise, an appellant who was filing, for example, on the 13th day would have first to request an extension to the twentieth day for excusable neglect and then, if thatwas granted, another motion to extend the time further for good cause shown.[5] There are already too many complicated procedural steps required. We decline to interpret the rules to add another.
Therefore the decision of the trial justice is reversed and the case is remanded for further proceedings on the original draft report before the trial justice.

 The cases which have been cited by appellees, Arciero v. Eagle Realty Assoc., Inc., 1982 Mass. App. Div. 203; Marquis v. Galasti, 1982 Mass. App. Div. 218; and Federal Deposit Insurance Corp. v. Daniel, 1984 Mass. App. Div. 98, 99, are inapposite for in each of those cases it was the trial justice who denied the motion to extend tíme.

Defendants also argue that the trial court had no right to extend the time for fding the draft reportbecause of late receipt of notice, citing Rule 77 (d) of the District/Municipal Courts Rules of Civil Procedure. That Rule, however, excepts motions fded under Rule 64 (c), such as this one, and Rule 64(c) clearly contemplates that late receipt of notice is a proper ground for extending the time. Sñ£ Reporters’ Notes to the 1975 amendment to Rule 64(c).
Defendants ¿so argue that the original draft report should have been dismissed because it did not adequately preserve appellate issues. That report, however, is not before us.

 Implicit in his action is the Chief Justice’s finding of both excusable neglect and good cause.